UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br>Plaintiff,<br>v.<br>JEFF MACOMBER,<br>Defendant. | Case No. 16-cv-00221-SI<br><br>**ORDER FOR AMENDMENT TO PETITION**<br>Re: Dkt. No. 1 |

Keenan G. Wilkins, a/k/a Nerrah Brown, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**BACKGROUND**

The petition, attachments thereto and the California Court of Appeal's opinion provide the following information. Keenan Wilkins had a lengthy pretrial detention, a significant portion of which was due to issues related to his mental competency. Following a jury trial, Wilkins was convicted in Alameda County Superior Court of seven counts of second degree robbery, seven counts of false imprisonment by violence, and making criminal threats. He also was found to have suffered prior convictions and prior prison terms. In December 2012, he was sentenced to 100 years to life in prison.

Wilkins appealed. In 2015, the California Court of Appeal affirmed the judgment of conviction and the California Supreme Court denied the petition for review. Wilkins also filed several unsuccessful petitions for writ of habeas corpus in state courts. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

In ordinary civil proceedings, the governing rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him or her]" and to "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity). A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the state should be ordered to show cause why the writ should not be granted. *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253). Conclusory allegations in a habeas petition fail to state a claim and do not suffice to shift the burden to the state to answer an order to show cause. *See Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970).

Wilkins filed a 130+ page petition for writ of habeas corpus in which he alleges 23 claims. Notwithstanding its length, there is a lot of information missing from the petition. Although the court often looks to appellate briefs to fill in some of the missing information, that is not possible for most of Wilkins' claims because only three issues were raised in the appeal in which appointed counsel prepared the briefs. Wilkins will be required to file an amendment to his petition to

2

1    address some of the more significant problems.

2    First, Wilkins labels numerous claims (i.e., Claims 1, 3-6, 8-15, 17, 19, and 20) as claims
3    for violations of his rights to due process and equal protection. He does not, however, allege any
4    facts suggestive of an equal protection violation in any of those claims. His petition thus fails to
5    adequately "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254
6    Cases in the United States District Court. Due to the inadequacy of the allegations, the court
7    cannot determine that any response should be required to the equal protection claims.

8    "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall
9    'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a
10   direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne
11   Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982));
12   *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different
13   treatment of unlike groups does not support an equal protection claim). The Equal Protection
14   Clause "does not 'assure uniformity of judicial decisions . . . (or) immunity from judicial error. . .
15   .' Were it otherwise, every alleged misapplication of state law would constitute a federal
16   constitutional question." *Beck v. Washington*, 369 U.S. 541, 554–55 (1962) (quoting *Milwaukee
17   Electric Ry. & Light Co. v. Wisconsin ex rel. Milwaukee*, 252 U.S. 100, 106 (1920)).

18   Wilkins must file an amendment to the petition to cure the deficiencies in his equal
19   protection claims. The amendment must include nonconclusory allegations of facts showing how
20   his right to equal protection was violated. *See Reeb v. Thompson*, 636 F.3d 1224, 1228 n.4 (9th
21   Cir. 2011) (allegation that BOP erred in habeas petitioner's case was insufficient to state an equal
22   protection claim because he did "not present any facts demonstrating that he was treated
23   differently from others who were similarly situated to him"). For each of the fifteen claims in
24   which he asserts an equal protection violation, he must separately describe the facts showing the
25   alleged equal protection violation.

26   Second, Wilkins alleges in Claim 7 that his right to be free from double jeopardy was
27   violated, but his jumbled allegations do not allow the reader to understand the nature of the alleged
28   double jeopardy violation. Some allegations indicate that the jury deadlocked in a trial to

3

1   determine Wilkins' competence to stand trial, rather than in a trial to determine his guilt. In his
2   amendment to the petition, Wilkins must more clearly describe the alleged double jeopardy
3   problem.  He must describe whether the first trial was to determine competence or to determine
4   guilt of the charges and must allege the result of that trial.  He also must describe whether the
5   second trial in his double jeopardy claim was to determine competence or to determine guilt of the
6   charges.  If he contends that the Double Jeopardy Clause precludes a trial on guilt after a mistrial
7   on a trial to determine competence to stand trial, he should provide a case that stands for that
8   specific proposition.

9   Third, Wilkins alleges in Claim 16 that his Confrontation Clause rights were violated
10  because he was "convicted for crimes in which no victim was produced to confront." Docket No.
11  1-16 at 1.  The Confrontation Clause provides that in criminal cases the accused has the right to
12  "be confronted with the witnesses against him." U.S. Const. amend. VI.  The ultimate goal of the
13  Confrontation Clause is to ensure reliability of evidence, but it is a procedural rather than a
14  substantive guarantee. *Crawford v. Washington*, 541 U.S. 36, 61 (2004).  The Confrontation
15  Clause does not require that evidence be reliable, but instead that reliability be assessed in a
16  particular manner: by testing in the crucible of cross-examination. *Id.*  In his petition, Wilkins
17  names several victims who did not testify at trial, but he does not allege that any testimonial
18  statements from those witnesses were used at his trial and does not describe the circumstances
19  under which those statements were obtained.  He has identified no case that requires that a
20  conviction cannot occur but upon a victim's testimony; indeed, such a case would be unexpected
21  as victim testimony is not possible in some crimes, such as homicides.  In his amendment, For his
22  Confrontation Clause claim, Wilkins must explain in his amendment to the petition what
23  statements each victim made, and explain how evidence of those statements was admitted at trial
24  to show that he had a right to confront each such victim.

25  Fourth, Wilkins alleges in Claim 19 that he "was punished for exercising his constitutional
26  right to a jury trial with an excessively harsh sentence." Docket No. 1-19 at 1.  He appears to
27  contend that there is a categorical rule against a defendant receiving a greater sentence after trial
28  than that offered to him during plea negotiations, but has not identified a case standing for that

4

1  proposition. In his amendment, Wilkins should allege whether (and, if so, when) the judge stated
2  that he was imposing a harsher sentence simply because Wilkins had gone to trial. Wilkins also
3  alleges that his plea deal was for a shorter sentence, but he does not identify the crimes as to which
4  he would have had to plead guilty/no contest in order to receive that shorter sentence. In his
5  amendment, Wilkins should allege the crimes to which he would have had to plead guilty/no
6  contest, and the prior convictions he would have had to admit under the plea agreement the
7  prosecutor offered and the plea agreement the judge later proposed.

8  Fifth, Wilkins alleges in Claim 20 that his sentence amounts to cruel and unusual
9  punishment because it is a *de facto* life sentence without the possibility of parole in that he will not
10  become eligible for parole before the end of his life expectancy. He points out that he has only
11  been to prison once before, for a "'non-violent' (serious) robbery occurring in 1996." Docket No.
12  1-22 at 2. (One of his exhibits shows that he pled guilty to four counts of robbery in 1999.)

13  The Eighth Amendment's "Cruel and Unusual Punishments Clause prohibits the
14  imposition of inherently barbaric punishments under all circumstances." *Graham v. Florida*, 560
15  U.S. 48, 59 (2010). "For the most part, however, the [Supreme] Court's precedents consider
16  punishments challenged not as inherently barbaric but as disproportionate to the crime." *Id*. The
17  Eighth Amendment contains a "narrow" proportionality principle – one that "does not require
18  strict proportionality between crime and sentence," and forbids only "extreme sentences that are
19  'grossly disproportionate' to the crime." *Id*. at 59-60. "[O]utside the context of capital punishment,
20  successful challenges to the proportionality of particular sentences [will be] exceedingly rare."
21  *Solem v. Helm*, 463 U.S. 277, 289-90 (1983). Only in that rare case where a comparison of the
22  gravity of the offense and the severity of the sentence leads to an inference of gross
23  disproportionality does the court compare a petitioner's sentence with sentences for other
24  offenders in the jurisdiction, and for the same crime in other jurisdictions, to determine whether it
25  is cruel and unusual punishment. *Graham,* 560 U.S. at 60.

26  Lengthy sentences for non-homicide offenses have been upheld in numerous cases by the
27  Supreme Court and Ninth Circuit. *See e.g., Ewing v. California*, 538 U.S. 11, 29-31 (2003)
28  (upholding sentence of 25-years-to-life for recidivist convicted most recently of grand theft);

*Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (upholding sentence of two consecutive terms of 25-years-to-life for recidivist convicted most recently of two counts of petty theft with a prior conviction); *Harmelin*, 501 U.S. at 996 (upholding sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine); *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 439 (9th Cir. 2007) (upholding sentence of 25-years-to-life for the underlying offense of petty theft with a prior conviction after finding petitioner's criminal history was longer, more prolific, and more violent than the petitioner's in Andrade, who suffered a harsher sentence); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 508 (9th Cir. 1994) (sentence of ineligibility for parole for 40 years not grossly disproportionate when compared with gravity of sexual molestation offenses).

Wilkins does not allege facts suggesting that his sentence is disproportionate to the crimes of which he was convicted with enhancements. Indeed, the petition contains almost no information about criminal episode(s) that led to his conviction for seven counts of second degree robbery, seven counts of false imprisonment by violence, and making criminal threats. If Wilkins wishes to pursue his Eighth Amendment claim, he must in his amendment to his petition allege nonconclusory facts that would suggest a comparison of the gravity of his offenses and severity of his sentence "leads to an inference of gross disproportionality." *Graham*, 560 U.S. at 60.

## CONCLUSION

For the foregoing reasons, Wilkins must file an amendment to his petition curing the several deficiencies discussed in this order. The amendment must be filed no later than **June 30, 2016**, and should be clearly marked on the first page as an "Amendment To Petition." The amendment may not exceed **twenty pages** in length. Failure to comply with the directions in this order will result in the dismissal of the deficient claims without further leave to amend.

Because the document he will file will be an *amendment* to the petition, rather than an *amended* petition, the document will not supersede the original petition and instead will be read in conjunction with it. Wilkins therefore does not need to repeat all the claims asserted in the original petition, and only needs to provide the information necessary to cure the deficiencies discussed in this order. Once Wilkins files the amendment, the court will review the petition, as

6

amended by the amendment, to determine whether a response from respondent is warranted.

**IT IS SO ORDERED**.

Dated: 05/27/2016

_____
SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFF MACOMBER,<br><br>    Defendant. | Case No.  16-cv-00221-SI<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 27, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Keenan G. Wilkins ID: AN2387
CSP-Sacramento
P.O. Box 290066
Represa, CA 95671

Dated: May 27, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Tana Ingle, Deputy Clerk to the
Honorable SUSAN ILLSTON

8