UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF MACOMBER,<br><br>    Respondent. | Case No. 16-cv-00221-SI<br><br>**ORDER GRANTING REQUEST FOR COUNSEL AND DENYING MISCELLANEOUS MOTIONS**<br><br>Re: Dkt. Nos. 15, 17, 18, 21, 22, 24, 25, 26, 27, 28, 30, 31 |

Keenan G. Wilkins, a/k/a Nerrah Brown, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction in Alameda County Superior Court of seven counts of second degree robbery, seven counts of false imprisonment by violence, and making criminal threats, for which he is now serving a 100-years-to-life sentence. *See* Docket No. 9 at 1. His petition and other filings disclose that Wilkins had a lengthy pretrial detention, a significant portion of which was due to issues related to his mental competency. His direct appeal raised issues regarding his competency to stand trial, denial of a *Faretta* motion, and denial of *Marsden* motions.

This court reviewed the petition for writ of habeas corpus and dismissed it with leave for Wilkins to file an amendment to his petition. Docket No. 9. The order provided detailed directions as to what Wilkins needed to include in his amendment to address the numerous pleading problems. *Id.* Wilkins filed a first amendment to his petition on August 4, 2016, and reported that he sent it just three days after receiving the order of dismissal with leave to amend. Docket No. 15; *see* Docket Nos. 13, 14. Thereafter, Wilkins sent numerous requests to present evidence in support of various claims, usually accompanied by bits and pieces of the record. The result of the quickly-prepared amendment, plus the numerous requests to present evidence, is that

1   the presentation of claims for habeas review is very confused and will be an impediment to the
2   orderly resolution of this action.

3     Wilkins requested appointment of counsel in his amendment to the petition, explaining that
4   he has schizophrenia and did not understand the court's order. Docket No. 15 at 1. The Sixth
5   Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791
6   F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to
7   appoint counsel to represent a habeas petitioner whenever "the court determines that the interests
8   of justice so require . . . ." Here, there are issues surrounding Wilkins' competency, complicated
9   pretrial proceedings in state court, and many issues that have never been briefed by an attorney.
10  The court finds that the interests of justice require the appointment of counsel. Petitioner's request
11  for appointment of counsel (*see* Docket No. 15 at 1) is GRANTED. This matter is REFERRED to
12  the Federal Public Defender to find representation for petitioner.

13    The clerk shall provide a copy of this order to the Office of the Federal Public Defender.
14  Upon being notified by the Office of the Federal Public Defender that an attorney has been located
15  to represent petitioner, the court will appoint that attorney as counsel for petitioner. All further
16  proceedings in this action are hereby STAYED until 30 days from the date counsel is appointed.

17    Wilkins' several requests to present evidence in support of various claims are DENIED.
18  (Docket Nos. 17, 18, 21, 22, 24, 25, 26, 27, 28, 30, and 31.) In a typical federal habeas action,
19  there is a petition (and amended petition if necessary), an answer from the respondent, and a
20  traverse from the petitioner. The respondent typically is ordered to, and does, provide a copy of
21  the portions of the record that have been transcribed and are relevant to the habeas claims.
22  Wilkins' presentation of non-sequential pages from unspecified portions of the record is
23  unnecessarily confusing, especially when the court will soon obtain a full record from respondent,
24  which puts the individual pages of the record in context and makes them easier to understand. If a
25  petitioner has documents other than the state court record that he wishes to present to the federal
26  habeas court, those other documents may be attached as exhibits to the petition or to the traverse.
27  The miscellaneous documents that are not part of the state court record should not trickle into the
28  court throughout the pendency of the case, because that sort of presentation makes the claims

unnecessarily difficult to evaluate.

It is quite possible that, once an attorney is located to represent Wilkins, that attorney will wish to file an amended petition. When that attorney first appears in this action, he or she may request a briefing schedule to file an amended petition. That amended petition then can include all of Wilkins' claims and have attached to it the miscellaneous documents that are not part of the state court record that Wilkins wants the federal habeas court to consider.

**IT IS SO ORDERED**.

Dated:  January 25, 2017

_____
SUSAN ILLSTON
United States District Judge