UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS, | Case No. 16-cv-00221-SI |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| JEFF MACOMBER, | Re: Dkt. No. 43 |
| Respondent. | |

Petitioner Keenan G. Wilkins, a/k/a/ Nerrah Brown, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 25, 2017, the Court granted Wilkins's request for counsel and thereafter set a schedule for the filing of an amended petition. Docket Nos. 34, 38, 42. On May 5, 2017, Wilkins, now represented by counsel, filed an amended petition for writ of habeas corpus. Docket No. 43. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

The petition and other filings provide the following information. Keenan Wilkins had a lengthy pretrial detention, a significant portion of which was due to issues related to his mental competency. Following a jury trial, Wilkins was convicted in Alameda County Superior Court of second degree robbery, false imprisonment, and making criminal threats. He also was found to have suffered prior convictions and prior prison terms. In December 2012, he was sentenced to 100 years to life in prison.

Wilkins appealed. In 2015, the California Court of Appeal affirmed the judgment of

conviction and the California Supreme Court denied the petition for review. Wilkins also filed several unsuccessful petitions for writ of habeas corpus in state courts. He then filed this action.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The amended petition states twenty-three claims, alleging the following: (1) denial of the right to a speedy trial; (2) ineffective assistance of counsel and failure to hold a *Marsden* hearing; (3) denial of the right to be confronted with the witnesses against him; (4) denial of Wilkins's right to represent himself; (5) excessively harsh and/or grossly disproportionate and/or improperly enhanced sentence; (6) unlawful withholding of Wilkins's prescribed medications; (7) denial of the right to be free from bodily restraint; (8) violation of due process and equal protection rights when Wilkins was not brought before a magistrate within 48 hours after arrest; (9) violation of due process based on Wilkins's "Once in Jeopardy" plea; (10) prosecutorial and other government misconduct; (11) failure to preserve evidence; (12) failure to correct false testimony; (13) violation of due process due to judicial misconduct; (14) double jeopardy; and (15) violation of due process based on admission of prior bad acts and prior convictions. Liberally construed, these claims are cognizable in a federal habeas action and warrant an answer from respondent.

//

//

//

**CONCLUSION**

For the foregoing reasons,

1.    The amended petition states cognizable claims for habeas relief and warrants a response.

2.    The clerk shall serve a copy of this order, the amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.    Respondent must file and serve upon petitioner, on or before **October 23, 2017,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.  **Respondent's memorandum of points and authorities shall not exceed 50 pages.**

4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **November 20, 2017.   Petitioner's memorandum of points and authorities shall not exceed 25 pages.**

**IT IS SO ORDERED.**

Dated:  August 24, 2017

_____
SUSAN ILLSTON
United States District Judge

3