UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF MACOMBER, Warden,<br><br>    Respondent. | Case No. 16-cv-00221-SI<br><br>**ORDER GRANTING MOTION TO DISMISS AND REQUIRING CHOICE BY PETITIONER**<br><br>Re: Dkt. No. 53 |

## INTRODUCTION

Keenan Wilkins filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction from the Alameda County Superior Court. Respondent has moved to dismiss the Amended Petition on the ground that state court remedies have not been exhausted for several of Wilkins's claims. Wilkins has opposed the motion. For the reasons discussed below, this court finds that state court remedies were not exhausted for several claims in the Amended Petition and requires Wilkins to choose how to deal with this problem.

## BACKGROUND

Wilkins was convicted in Alameda County Superior Court of seven counts of second degree robbery, seven counts of false imprisonment by violence, and one count of making criminal threats. Docket No. 53 at 1-2. The superior court sentenced him to 100 years to life in prison on December 26, 2012. *Id.* at 2; Docket No. 45 at 27.

He appealed. The California Court of Appeal affirmed the judgment of conviction. Wilkins then filed a petition for review in the California Supreme Court (Petition #1). Docket No. 53-2. The petition was denied.

On June 24, 2015, Wilkins filed a petition for writ of habeas corpus in the California Court of Appeal. Docket No. 53-4. The Court of Appeal denied the petition. Wilkins then filed a petition for review in the California Supreme Court ("Petition #2"). Docket No. 53-6. The petition was denied.

On November 16, 2015, Wilkins filed a second petition for writ of habeas corpus in the California Court of Appeal. Docket No. 53-8. The Court of Appeal denied the petition. Wilkins then filed a petition for review in the California Supreme Court ("Petition #3") on January 13, 2016. Docket No. 53-10. The petition was denied.

Wilkins then filed this action *pro se*. In August 2016, Wilkins amended the petition, again *pro se*. In February 2017, the court appointed counsel for Wilkins. In May 2017, Wilkins's counsel filed a new amended petition (the "Amended Petition"). Docket Nos. 43 & 45. Respondent has now moved to dismiss the Amended Petition, arguing that state court remedies have not been exhausted for several of the claims. Docket No. 53. Wilkins has opposed the motion to dismiss. Docket No. 54.

**DISCUSSION**

A. <u>The Amended Petition Contains Many Unexhausted Claims</u>

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state court remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c).

In considering whether state court remedies have been exhausted, "counseled petitions in state court may, and sometimes should, be read differently from *pro se* petitions." *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). *Pro se* filings are to be liberally construed. *See, e.g., Kyzar v. Ryan*, 780 F.3d 940, 948 (9th Cir. 2015) (insufficient-evidence claim was exhausted because the *pro* se petition to State's highest court argued that the State had failed to prove the elements of the alleged crime, even though the petition did not mention the

2

leading Supreme Court cases on sufficiency of the evidence); *Sanders v. Ryan*, 342 F.3d 991, 999-1000 (9th Cir. 2003) (ineffective assistance of counsel claim exhausted where state *pro se* petition to State's highest court used the phrase "ineffective assistance of counsel" three times, even though he did not cite to the Sixth Amendment or *Strickland v. Washington,* 466 U.S. 668 (1984)). It is one thing for a court to understand a claim that "my attorney did a bad job" to be a Sixth Amendment ineffective assistance of counsel claim; it is quite another to understand that same claim to mean that counsel was ineffective in failing to interview Mr. X who would have provided an alibi for the defendant. The former is liberal construction; the latter is pure guesswork. Although a habeas petitioner need not "'present to the state courts *every piece of evidence* supporting his federal claims,'" he does need to provide to the state's highest court "the operative facts, that is 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted).

To determine whether state court remedies have been exhausted, this court compares the Amended Petition with Petitions #1, #2, and #3 that Wilkins filed in the California Supreme Court to determine whether all the claims in the Amended Petition were included in Petitions #1, #2, or #3. They were not. The court will first list the claims in the Amended Petition, and then search for those claims in the state court petition.

Wilkins's Amended Petition (Docket Nos. 43 & 45) asserts 23 claims:

- Claim 1: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated because the trial court failed to hold a *Barker* hearing on his speedy trial right claim. Docket No. 45 at 9-15.[1]

- Claim 2: Wilkins's Sixth and Fourteenth Amendment rights to a speedy trial were violated because he was in pre-trial detention for five years and seven

---

[1] Mr. Wilkins also asserted that his rights to due process and equal protection under the Fifth Amendment were violated. The Fifth Amendment rights to due process and equal protection apply to the federal government rather than the States. *See High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 570-71 (9th Cir. 1990). All of his claims premised on his purported *Fifth* Amendment rights to due process and equal protection therefore are dismissed. The Fourteenth Amendment is the applicable source of a right to due process or equal protection for a state prisoner challenging a state court decision.

3

months before his trial. *Id*.

- Claim 3: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated because he was denied a liberty interest granted under state law, to wit, California Penal Code § 1382, which provides for a state constitutional right to a speedy trial within 60 days. *Id*. at 37.

- Claim 4: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated because he was denied a fair trial based on the trial court's refusal to grant a full and fair hearing on his motion to dismiss under California Penal Code § 825 for a delayed arraignment. *Id*. at 38-40.

- Claim 5: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated because of pre-arraignment delay and delayed arraignment. *Id*.

- Claim 6: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated because he was denied a liberty interest granted under California Penal Code §§ 1041-42 and Article I, § 16 of the California Constitution. Docket No. 45 at 41.

- Claim 7: Wilkins's Fifth Amendment right to be free from double jeopardy was violated when further proceedings were held after the December 20, 2011 dismissal after the jury deadlocked. *Id*. at 51-53.

- Claim 8: Wilkins's Fourteenth Amendment rights to equal protection and due process, and his Eighth Amendment right to be free from cruel and unusual punishment, were violated because he was denied access to psychotropic medications that were necessary to maintain his competence to stand trial. *Id*. at 30-33.

- Claim 9: Wilkins's Fourteenth Amendment rights to due process and equal protection, and his Sixth Amendment right to counsel, were violated when he was excluded from a May 2009 *in camera* hearing where court-appointed counsel, Attorney Patrick Hetrick, was relieved from representation. *Id*. at 24-25.

- Claim 10: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated due to prosecutorial misconduct based upon investigative misconduct, evidentiary irregularities, and misrepresentations made to defense counsel and the trial court. *Id*. at 42-44.

- Claim 11: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated when the prosecution failed to disclose and preserve evidence (i.e., two recordings) critical to the defense. Docket No. 45 at 45-46.

- Claim 12: Wilkins's Fourteenth Amendment rights to due process and equal protection, and his Sixth Amendment right to counsel, were violated when the

4

trial court denied his right to a *Marsden* hearing related to his substitution of counsel request. *Id*. at 56-58.

- Claim 13: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated when he was denied a fair trial when the trial court admitted into evidence a prior bad act, a pending criminal charge in another jurisdiction. *Id*. at 54.

- Claim 14: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated when the prosecution failed to correct witness testimony of Samuel Bryant and Brenda Nader that the prosecution knew to be false. *Id*. at 46-47.

- Claim 15: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated when Wilkins was denied a fair trial when the trial court refused to hear a motion to strike Wilkins's invalid and unconstitutionally obtained prior convictions. *Id*. at 55-56.

- Claim 16: Wilkins's Sixth and Fourteenth Amendment rights to confront accusers and witnesses against him were violated when the trial court denied his request to cross-examine Samuel Bryant and six alleged victims. Docket No. 45 at 25-26.

- Claim 17: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated when Wilkins was denied a fair trial based on repeated instances of bias, prejudice, and partiality by the trial court judge, Judge Joseph Hurley. *Id*. at 47-51.

- Claim 18: Wilkins's Sixth and Fourteenth Amendment rights to self-representation were violated when the trial court denied Wilkins's request to appear *pro se* at sentencing when his counsel was unavailable. *Id*. at 27-28.

- Claim 19: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated when the trial court imposed an excessively harsh sentence which amounted to punishment for Wilkins's exercise of his constitutional right to a trial by jury. *Id*. at 28-30.

- Claim 20: Wilkins's Fourteenth Amendment rights to due process and equal protection were violated when his sentence was enhanced due to unconstitutionally obtained prior convictions. *Id*. at 56.

- Claim 21: Wilkins's Eighth Amendment right to be free from cruel and unusual punishment was violated when the sentence imposed was grossly disproportionate to the crimes committed. Docket No. 45 at 33-35.

- Claim 22: Wilkins's Fourteenth Amendment rights to due process and equal protection and his Sixth Amendment right to effective assistance of counsel were violated when he was forced to proceed to trial with counsel, Attorney

> William DuBois, who had an irreconcilable conflict with him and who provided grossly ineffective assistance at trial. *Id*. at 16-23.
> - Claim 23: Wilkins's Sixth Amendment right to effective counsel was violated by his appellate counsel, Attorney Juliana Drous. *Id*. at 23-24.

The court now considers the three petitions Wilkins filed in the California Supreme Court, Petition #1, #2, and #3. In evaluating whether any of those petitions exhausted any claims, the court liberally construes the filings.

Wilkins's Petition #1 raised three claims: (a) Wilkins's right to due process was violated because he was incompetent to stand trial; (b) Wilkins's Sixth Amendment right to represent himself was violated; and (c) trial attorney William DuBois provided ineffective assistance of counsel.

Petition #1's first claim does not match any claim in the Amended Petition and therefore did not exhaust state court remedies for any claim now before this court. Docket No. 53-2 at 19-32; *see also* Docket No. 45.

Petition #1's second claim is different from the self-representation claim (i.e., Claim 18) in the Amended Petition and therefore did not exhaust any claim in the Amended Petition. Specifically, Petition #1's second claim concerns the denial of two self-representation requests made in August 2011 and September 2011, while the Amended Petition concerns the denial of a self-representation request made after trial at sentencing in November-December 2012. Docket No. 53-2 at 32-39; *see also* Docket No. 45 at 27-28. Although respondent urges that state court remedies were exhausted for Claim 18, this court concludes otherwise due to the factual differences between the federal and state court claims. This court could not grant relief on an unexhausted claim. *See* 28 U.S.C. § 2254(b)(1)(A).

Petition #1's third claim is a combination of ineffective assistance of counsel and improper denial of a *Marsden* motion to substitute counsel that denied Wilkins his Sixth Amendment right to effective assistance of counsel. The third claim exhausts Claim 12 in the Amended Petition only to the extent that Claim 12 asserts a claim that the improper denial of the *Marsden* motions denied Wilkins his Sixth Amendment right to effective assistance of counsel. Docket No. 53-2 at 39-47; *see also* Docket No. 45 at 56-58.

Wilkins's Petition #2 raised four claims: (a) ineffective assistance of trial counsel, Docket No. 53-6 at 7-11; (b) ineffective assistance of appellate counsel, *id*. at 7-9 & 12-14; (c) a violation of Wilkins's Fourteenth Amendment right to due process, *id*. at 7 & 14; and (d) a violation of Wilkins's Fourteenth Amendment right to equal protection. *Id*. Petition #2 cross-referenced the petition Wilkins had filed in the California Court of Appeal for the particulars of his 15 instances of ineffective assistance of trial counsel and 25 instances of ineffective assistance of appellate counsel. Docket No. 53-4 at 5-12 & 14-27.

Petition #2's first and second claims did not fairly present to the California Supreme Court the various sub-claims of his ineffective assistance of counsel claims that had been presented to the California Court of Appeal. California Rule of Court 8.504(e)(3) provides that "[n]o incorporation by reference is permitted except a reference to a petition, an answer, or a reply filed by another party in the same case or filed in a case that raises the same or similar issues and in which a petition for review is pending or has been granted." "To fairly present a claim in state court, a petitioner must describe the operative facts supporting that claim." *Wood v. Ryan*, 693 F.3d 1104, 1117 (9th Cir. 2012) (internal citations omitted). A general allegation of a right is not sufficient to alert a court to separate specific factual instances related to that right. *Id*. at 1120 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). Incorporation by reference does not fairly present a claim. *Id.* at 1117. "[O]rdinarily, a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as the lower court opinion in the case, that does so." *Id*. (citing *Baldwin v. Reese*, 541 U.S. 27, 32 (2004)). Here, Petition #2's first and second claims were not fairly presented and did not exhaust state court remedies for any claim now before this court because Petition #2 did not fairly present the facts for his ineffective assistance of counsel claims and instead impermissibly incorporated by reference a petition filed by Wilkins in the California Court of Appeal (Docket No. 53-4) for the operative facts of claims one and two.

Moreover, Petition #2's first and second claims were not fairly presented because they were so lacking in detail that the California Supreme Court would not have understood those

claims even if it looked at the brief filed in the lower court. The petition Wilkins had filed in the California Court of Appeal contained many general allegations that would not alert a court to the specific factual instances related to the right Wilkins alleged was violated. *Wood*, 693 F.3d at 1120. For example, Wilkins alleged that Attorney William DuBois failed to cross-examine witnesses, *see* Docket No. 53-4 at 7, but Wilkins did not explain what difference this would have made at trial. As another example, Wilkins alleged that DuBois failed to obtain Wilkins's traffic ticket from February 2007, *id*. at 11, but again Wilkins did not explain what difference this evidence would have made at trial. As yet another example, Wilkins alleged that DuBois failed to obtain medical records and included, as Exhibit E, a Certification of Health Care Provider for Family Leave form. *Id*. at 9 & 50-52. Again, Wilkins did not explain what difference this evidence would have made at trial. Thus, Petition #2's first and second claims did not exhaust any claim now before this court. *Wood*, 693 F.3d at 1117 & 1120. Although respondent urges that state court remedies were exhausted for some parts of the ineffective assistance of trial and appellate counsel claims (i.e., Claims 22 and 23) in the Amended Petition, this court concludes otherwise. This court cannot grant relief on a claim that is unexhausted. *See* 28 U.S.C. § 2254(B)(1)(a).

Petition #2's third and fourth claims also failed to exhaust state court remedies for any claim because they were so lacking in detail. They contained general allegations that did not alert a court to the specific factual instances related to the right Wilkins alleged was violated. *Wood*, 693 F.3d at 1120. In both claims, Wilkins did not provide any factual details to explain how his rights were violated. Docket No. 53-6 at 7 & 14. Thus, Petition #2's third and fourth claims did not exhaust state court remedies for any claim now before this court. *Wood*, 693 F.3d at 1117 & 1120.

Wilkins's Petition #3 raised three claims: (a) ineffective assistance of appellate counsel; (b) a violation of Wilkins's Fourteenth Amendment right to due process; and (c) a violation of Wilkins's Fourteenth Amendment right to equal protection.

Petition #3's first claim is different from the ineffective assistance of appellate counsel claim in the Amended Petition and therefore did not exhaust state court remedies for the

8

United States District Court
Northern District of California

ineffective assistance of appellate counsel claim in the Amended Petition. Specifically, Petition #3's first claim concerns the failure of appellate counsel to review and augment the appellate record, while the Amended Petition concerns the failure of appellate counsel to investigate ineffective assistance of trial counsel claims related to Wilkins's medical records and the testimony of a rebuttal witness. Docket No. 53-10 at 3-5; *see also* Docket No. 45 at 23-24.

Moreover, Petition #3's first claim did not exhaust state court remedies for any claim because it was too lacking in detail. It contained general allegations that did not alert a court to the specific factual instances related to the right Wilkins alleged was violated. *Wood*, 693 F.3d at 1120. Wilkins alleged that appellate counsel failed to review and augment the appellate record, but Wilkins did not explain what documents should have been included in the augmented appellate record. Docket No. 53-10 at 3-5. Also, Wilkins did not explain what difference this would have made on appeal (i.e., he made no effort to show prejudice). Thus, Petition #3's first claim did not exhaust state court remedies for any claim now before this court. *Wood*, 693 F.3d at 1117 & 1120.

Similarly, Petition #3's second and third claims did not exhaust state court remedies for any claim in the Amended Petition because they were too lacking in detail. Their general allegations, devoid of factual details, did not alert a court to the specific factual instances related to the rights Wilkins alleged were violated. *Id.* at 1120.

To summarize, having compared the Amended Petition with the three petitions presented to the California Supreme Court, this court concludes that the only claim as to which state court remedies were exhausted is the portion of Claim 12 in the Amended Petition asserting that the improper denial of the *Marsden* motions denied Wilkins his Sixth Amendment right to effective assistance of counsel. The liberal construction rule cannot save Wilkins from his extensive failure to provide factual support for his legal claims in state court. The California Supreme Court, like this court, is not in a position to invent facts that might support a litigant's conclusory legal assertions. Nor must the California Supreme Court abandon its rules for presentation of claims, such as the general prohibition on incorporation of other briefs by reference. An overwhelming number of claims exist in the Amended Petition for which state court remedies were not

exhausted.

B. <u>Wilkins Must Choose How To Deal With Unexhausted Claims</u>

Wilkins's Amended Petition for writ of habeas corpus contains both exhausted and unexhausted claims, and therefore is a "mixed" petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), the court is reluctant to dismiss the Amended Petition (and possibly cause a later-filed petition to be time-barred) without giving Wilkins the opportunity to choose whether to proceed with just Claim 12 in the Amended Petition, or to try to exhaust the unexhausted claims before having this court consider all his claims. Accordingly, instead of an outright dismissal of the action, this court will allow Wilkins to choose one of the following options:

(1) dismiss the Amended Petition's unexhausted claims, and go forward in this action with only Claim 12; or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims; or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

Wilkins is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claim, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition quite likely will be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file petition(s) in state court(s), to obtain a decision

10

from the California Supreme Court on his unexhausted claims, and to return to this court. And under option (3), this action stalls: this court will do nothing further to resolve the case while Wilkins is diligently seeking relief in state court.

In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[2] The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *Id.* at 278; *see also Kelly*, 315 F.3d at 1071. If Wilkins files a motion for a stay, he must show that he satisfies the *Rhines* criteria or must comply with the *King/Kelly* requirements.

---

[2] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 664 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43.

C.   No *Pro Se* Filings From The Represented Petitioner

Wilkins recently has sent several letters and requests directly to the court. The court has appointed counsel for Wilkins at Wilkins's request. As long as Wilkins is represented by counsel, only his attorney should be communicating with the court. *See United States v. Mujahid*, 799 F.3d 1228, 1236 (9th Cir. 2015) (district court acted within its discretion in declining to grant request made by *pro se* litigant who was then represented by counsel); *McCullough v. Graber*, 726 F.3d 1057, 1059 n.1 (9th Cir. 2013) (declining to consider *pro se* letters from habeas petitioner because he was represented by counsel); *Rosenblum v. Campbell*, 370 F. App'x 782 (9th Cir. 2010) (denying petitioner's motion for leave to file a *pro se* supplemental brief; "[b]ecause [petitioner] is represented by counsel, only counsel may submit filings.")

If Wilkins has questions, comments, or concerns relating to this case, he needs to communicate that to his attorney, who will then decide whether a court filing is appropriate. The only exception is that, if Wilkins wants to terminate the attorney and represent himself, he can file such a motion directly with the court.

**CONCLUSION**

Respondent's motion to dismiss is GRANTED. Docket No. 53.

Wilkins must file no later than **June 8, 2018**, a notice in which he states whether he chooses to (1) dismiss the unexhausted claims and go forward in this action with only Claim 12, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses option (1) or option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice By Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Granting Motion To Dismiss And Requiring Choice By Petitioner." Wilkins would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses option (3), no later than **June 8, 2018**, Wilkins must file a motion for a stay in which he explains why he failed to exhaust his

12

unexhausted claims in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If he wants to file a motion under *King/Kelly* to amend his Amended Petition (to delete the unexhausted claims) and to stay this action while he exhausts state court remedies for the unexhausted claims, he may do so no later than **June 8, 2018**. If Wilkins does not choose one of the three options or file a motion by the deadline, the court will dismiss the unexhausted claims and adjudicate the remaining claim.

**IT IS SO ORDERED**.

Dated: May 8, 2018

_____
SUSAN ILLSTON
United States District Judge