UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF MACOMBER,<br><br>    Respondent. | Case No. 16-cv-00221-SI<br><br>**ORDER:**<br>**--CONSTRUING MOTION AS MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION;**<br>**-- GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND**<br>**--SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 61 |

On May 5, 2017, petitioner Keenan Wilkins, a/k/a Nerrah Brown, through his recently appointed counsel filed an Amended Petition for writ of habeas corpus. Docket No. 43. On May 8, 2018, the Court ruled on respondent's motion to dismiss, finding that petitioner had not exhausted the majority of the claims in his amended petition. The Court ordered petitioner to file a notice choosing whether to (1) dismiss the unexhausted claims and move forward with his petition as to the unexhausted portion of Claim 12, (2) dismiss this action and return to state court to exhaust all of his claims, or (3) move for a stay of these proceedings while he exhausts his state court remedies. Docket No. 58.

After receiving an extension of time to file his notice, on June 18, 2018, petitioner filed a motion for reconsideration. Docket Nos. 60, 61. Petitioner states that he "has brought to counsel's attention that there are a number of state writs that were not addressed by respondent's motion or brought to the Court's attention by his counsel." Docket No. 61 at 1. He attaches four such writs and requests that the Court grant him thirty days, or until July 18, 2018, to submit "any and all state writs[,]" at which point he asks that the Court rule on the motion for reconsideration.

Dkt. No. 61-5.

Civil Local Rule 7-9 states that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civil L.R. 7-9(a). To obtain leave to file a motion for reconsideration, "[t]he moving party must specifically show reasonable diligence in bringing the motion" as well as one of several circumstances, such as "a material difference in fact or law . . . from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" or "[t]he emergence of new material facts or a change of law occurring after the time of such order[.]" Civil L.R. 7-9(b).

Although petitioner did not address or follow the process outlined in Civil Local Rule 7-9, the Court will construe the present motion as a request for leave to file a motion for reconsideration and will GRANT the motion for leave.

The Court cautions, however, that petitioner bears the burden of proof that state judicial remedies were properly exhausted. *See Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003); *Winck v. England*, 327 F.3d 1296, 1304 n.6 (11th Cir. 2003); *see also Darr v. Burford*, 339 U.S. 200, 218-19 (1950) ("petitioner has the burden . . . of showing that other available remedies have been exhausted"), *overruled on other grounds by Fay v. Noia*, 372 U.S. 391 (1963). Simply attaching his prior writs and asking for reconsideration will not suffice. **Petitioner should cite to the page number and, where available, line numbers of the prior writs and match these to the specific claims in his Amended Petition.** The Amended Petition contains twenty-three claims, and the claims in the pro se writs do not map precisely onto these claims. The Court will not engage in guesswork to determine which portions of the writs petitioner believes exhausted his claims here.

For instance, petitioner states in his motion that "California Supreme Court docket number S200643 addresses Claim 8." Dkt. No. 61 at 2. Docket number S200643 is a habeas petition that petitioner filed in March 2012 during his pretrial civil commitment to challenge the jail's allegedly taking petitioner off of his hospital-prescribed medications. It is unclear to the Court how this exhausts Claim 8 of the Amended Petition, which is a post-conviction habeas petition. In his motion for reconsideration, petitioner should identify precisely which portion of the state writ he

2

asserts exhausts Claim 8 and should explain why this is so. For consistency and ease of reference, petitioner should also continue to adhere to the claim numbering system utilized in the Amended Petition.

**Petitioner shall file his motion for reconsideration, including any and all state writs that he wishes the Court to consider, by July 18, 2018. Respondent shall file his opposition by August 8, 2018. If petitioner wishes to file a reply brief, he shall file it by August 22, 2018.**

**IT IS SO ORDERED**.

Dated: June 21, 2018

_____
SUSAN ILLSTON
United States District Judge