UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEENAN G. WILKINS,

          Petitioner,

    v.

JEFF MACOMBER,

          Respondent.

Case No. 16-cv-00221-SI

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR RECONSIDERATION AND REQUIRING CHOICE BY PETITIONER**

Re: Docket No. 70

Keenan Wilkins, a/k/a Nerrah Brown, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction from the Alameda County Superior Court. Respondent moved to dismiss for failure to exhaust state court remedies and the Court granted the motion to dismiss. Docket Nos. 53, 58. Now before the Court is Wilkins's motion for reconsideration. Docket No. 70.

## BACKGROUND

### I.    Procedural Background

Wilkins was convicted in Alameda County Superior Court of seven counts of second degree robbery, seven counts of false imprisonment by violence, and one count of making criminal threats. Docket No. 53 at 1-2. The superior court sentenced him to 100 years to life in prison on December 26, 2012. *Id.* at 2; Docket No. 45 at 20.[1]

Wilkins, through appointed counsel, filed a direct appeal of his conviction. The California

---

[1] Throughout this Order, citations are to the page numbers in the briefs, where available, rather than to the ECF-generated page numbers.

Court of Appeal affirmed the judgement of conviction on April 28, 2015. Docket No. 53 at 2. Wilkins then filed a petition for review, which the California Supreme Court denied. Docket No. 53, Ex. B, C. Both before and after his conviction, Wilkins filed multiple petitions for writs of habeas corpus in state court.

Wilkins filed this action *pro se* in January 2016. Docket No. 1. In August 2016, Wilkins, still acting *pro se*, amended the petition. Docket No. 15. In January 2017, this Court granted Wilkins's request for counsel and counsel was appointed in February 2017. Docket Nos. 34, 36. In May 2017, Wilkins's counsel filed a new amended petition (the "Amended Petition") raising twenty-three claims for relief. Docket Nos. 43, 45.

In May 2018, the Court granted respondent's motion to dismiss the Amended Petition for failure to exhaust state remedies, finding the only exhausted claim was that "portion of Claim 12 . . . asserting that the improper denial of the *Marsden* motions denied Wilkins his Sixth Amendment right to effective assistance of counsel." Docket No. 58 at 9. Because the Amended Petition was a "mixed" petition containing both exhausted and unexhausted claims, the Court ordered that Wilkins inform the Court by June 8, 2018, as to how he wished to proceed. *Id.* at 10, 12-13. Instead, Wilkins filed a motion for reconsideration, stating that Wilkins had "brought to counsel's attention that there are a number of state writs that were not addressed by respondent's motion or brought to the Court's attention by his counsel." Docket No. 61 at 1. The Court construed the motion as a motion for leave to file a motion for reconsideration, granted the motion for leave, and ordered that Wilkins file his motion for reconsideration by July 18, 2018. Docket No. 62. In granting the motion for leave, the Court ordered:

> Simply attaching his prior writs and asking for reconsideration will not suffice. **Petitioner should cite to the page number and, where available, line numbers of the prior writs and match these to the specific claims in his Amended Petition.** The Amended Petition contains twenty-three claims, and the claims in the *pro se* writs do not map precisely onto these claims. The Court will not engage in guesswork to determine which portions of the writs petitioner believes exhausted his claims here.

*Id.* at 2.

After seeking and receiving an additional extension of time, Wilkins filed his motion for reconsideration on August 17, 2018. Docket Nos. 63, 69, 70. He attaches fourteen state court

petitions not previously considered and one state court petition that the Court analyzed in its prior ruling. Respondent filed his opposition and Wilkins filed a reply brief. Docket Nos. 74, 75. In his motion and reply, Wilkins concedes that of the twenty-three claims in the Amended Petition, Claims 10 and 11 are not exhausted and he presents no new state court petitions as to Claims 6, 9, and 13, effectively conceding them as unexhausted. Docket No. 70 at 4; Docket No. 75 at 3. Respondent concedes that a part of Claim 14 and all of Claims 18 and 21 are exhausted. Docket No. 74 at 11, 18, 22-23. Respondent additionally contends that certain claims are "arguably exhaust[ed]" but are nevertheless procedurally defaulted. *Id.* at 6-8.

## II.     State Habeas Petitions

Wilkins filed numerous habeas petitions during the state proceedings, both before and after his conviction and sentencing. The petitions that Wilkins attaches to his motion for reconsideration were all filed *pro se*. Many petitions contain numerous "grounds" for relief that each present different allegations and supporting law. The California Supreme Court denied all of the petitions without narrative explanations.

The following habeas petitions are now before this Court for a determination whether they exhaust the claims Wilkins brings in his Amended Petition:[2]

**S219828 ("Petition #1")** filed July 9, 2014. Denied October 1, 2014 (citing *In re Clark*, 5 Cal. 4th 750, 767-69 (1993); *In re Miller*, 17 Cal. 2d 745, 735 (1941)). Docket No. 70-1.

**S205258 ("Petition #2")** filed September 7, 2012. Denied October 17, 2012. Docket No. 70-2; Docket No. 77, Ex. 2.[3]

**S192938 ("Petition #3")** filed May 5, 2011. Denied May 11, 2011 (citing *People v.*

---

[2] In this Order, the Court numbers the petitions according to the exhibit number petitioner assigned in his motion for reconsideration. For that reason, the petitions are not presented in chronological order, nor do they correlate to the petition numbers the Court used in its prior order granting the motion to dismiss. *See* Docket No. 58. For instance, what the Court referred to in its prior order as "Petition #3" has now become "Petition #11," although they are the same petition, Case No. S227880.

[3] In his opposition, respondent stated that he was attaching the docket sheets for the petitions as exhibits. Docket No. 74 at 2 n.1. However, respondent failed to attach any exhibits. At the Court's request, respondent later filed the missing exhibits, containing the docket sheets for all of the state habeas petitions under reconsideration. *See* Docket No. 77.

*Duvall*, 9 Cal. 4th 464, 474 (1995); *In re Miller*, 17 Cal. 2d at 735). Docket No. 70-3; Docket No. 77, Ex. 3.

**S200634 ("Petition #4")** filed March 5, 2012. Denied March 28, 2012. Docket No. 70-4.

**S195594 ("Petition #5")** filed August 10, 2011. Denied September 21, 2011 (citing *In re Miller*, 17 Cal. 2d at 735). Docket No. 70-5; Docket No. 77, Ex. 5.

**S199228 ("Petition #6")** filed January 6, 2012. Denied February 15, 2012 (citing *In re Miller*, 17 Cal. 2d at 735). Docket No. 70-6; Docket No. 77, Ex. 6.

**S199725 ("Petition #7")** filed January 27, 2012. Denied February 15, 2012 (citing *Duvall*, 9 Cal. 4th at 474; *In re Miller*, 17 Cal. 2d at 735). Docket No. 70-7; Docket No. 77, Ex. 7.

**S232045 ("Petition #8")** filed January 25, 2016. Denied April 13, 2016. Docket No. 70-8; Docket No. 77, Ex. 8.

**S221347 ("Petition #9")** filed September 19, 2014. Denied November 12, 2014 (citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Miller*, 17 Cal. 2d at 735). Docket No. 70-9; Docket No. 77, Ex. 9.

**S222195 ("Petition #10")** filed October 27, 2014. Denied December 10, 2014. Docket No. 70-10; Docket No. 77, Ex. 10.

**S227880 ("Petition #11")** filed July 17, 2015. Denied September 23, 2015. Docket No. 70-11.

**S201158 ("Petition #12")** filed March 23, 2012. Denied May 9, 2012. Docket No. 70-12; Docket No. 77, Ex. 12.

**S204907 ("Petition #13")** filed August 22, 2012. Transferred to the Court of Appeal, Division 1, on October 4, 2012. Court of Appeal denied on October 10, 2012. Docket No. 70-13; Docket No. 77, Ex. 13.

**S205250 ("Petition #14")** filed September 10, 2012. Denied October 17, 2012. Docket No. 70-14; Docket No. 77, Ex. 14.

**S205355 ("Petition #15")** filed September 12, 2012. Denied October 17, 2012. Docket No. 70-15; Docket No. 77, Ex. 15.

## LEGAL STANDARDS

## I.     Exhaustion of State Court Remedies

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State[.]"  28 U.S.C. § 2254(b)(1)(A).  The petitioner must present the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks

to raise in federal court. *Id.* § 2254(c). The exhaustion requirement is grounded in principles of comity, giving states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A petitioner can satisfy the exhaustion requirement by either: (1) fairly and fully presenting the federal claim to the state's highest court; or (2) showing that no state remedy remains available. *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir. 1996); *see also Picard v. Connor*, 404 U.S. 270, 276-77 (1971). A petitioner fully and fairly presents a claim if he presents the claim: (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim. *Scott v. Schriro,* 567 F.3d 573, 582 (9th Cir. 2009); *Insyxiengmay v. Morgan,* 403 F.3d 657, 668 (9th Cir. 2005). "Full and fair presentation [] requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." *Scott,* 567 F.3d at 582 (citing *Picard,* 404 U.S. at 278); *see also Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc) (holding a federal claim can be fairly presented by citation to state cases analyzing the federal issue). Although a habeas petitioner need not "present to the state courts *every piece of evidence* supporting his federal claims, [he does need to] provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

In considering whether state court remedies have been exhausted, "counseled petitions in state court may, and sometimes should, be read differently from *pro se* petitions." *Peterson*, 319 F.3d at 1159. *Pro se* filings are to be liberally construed. *See, e.g., Kyzar v. Ryan*, 780 F.3d 940, 948 (9th Cir. 2015) (insufficient-evidence claim was exhausted because the *pro se* petition to State's highest court argued that the State had failed to prove the elements of the alleged crime, even though the petition did not mention the leading Supreme Court cases on sufficiency of the evidence); *Sanders v. Ryder*, 342 F.3d 991, 999-1000 (9th Cir. 2003) (ineffective assistance of counsel claim exhausted where state *pro se* petition to State's highest court used the phrase "ineffective assistance of counsel" three times, even though he did not cite to the Sixth

Amendment or *Strickland v. Washington*, 466 U.S. 668 (1984)). It is one thing for a court to understand a claim that "my attorney did a bad job" to be a Sixth Amendment ineffective assistance of counsel claim; it is quite another to understand that same claim to mean that counsel was ineffective in failing to interview Mr. X who would have provided an alibi for the defendant. The former is liberal construction; the latter is pure guesswork.

The petitioner bears the burden of proof that state judicial remedies were properly exhausted. *See generally Darr v. Burford*, 339 U.S. 200, 218-19 (1950) ("petitioner has the burden . . . of showing that other available remedies have been exhausted"), *overruled on other grounds by Fay v. Noia*, 372 U.S. 391 (1963); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (affirming summary judgment for respondent because, although petitioner alleged he had exhausted, "there is nothing in the record" to show it).

## II.     Procedural Default Doctrine

"Exhaustion and procedural bar are closely related, but distinct, doctrines." *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011) (finding the issue of exhaustion mooted by the district court's determination that the petition was procedurally defaulted) (citation omitted). "[A] federal court may not hear a habeas claim if it runs afoul of the procedural bar doctrine." *Id.* "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30.

"[F]ederal habeas relief will be unavailable when (1) a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (citing *Coleman*, 501 U.S. at 729-30) (internal quotation marks omitted). "To qualify as an 'adequate' procedural ground, a state rule must be firmly established and regularly followed." *Id.* (citation and internal quotation marks omitted). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred

unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Ching Lee v. Harris*, 226 F. Supp. 3d 992, 995 (N.D. Cal. 2016) (citing *Coleman*, 501 U.S. at 750). Because procedural default is an affirmative defense, the state bears the burden of proving the default. *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003).

## DISCUSSION

Petitioner seeks reconsideration of the Court's previous order granting respondent's motion to dismiss, arguing that the state petitions he now attaches show he exhausted many of his claims. Respondent opposes, arguing that nearly all of the claims are either unexhausted or are procedurally barred from review.

As before, the Court now compares the Amended Petition with the petitions that Wilkins filed in the California Supreme Court to determine whether the claims in the Amended Petition were included in any of the state court petitions. In light of the concessions made by both parties, the Court reviews the state court petitions to determine whether Claims 1-5, 7-8, 12, 14-17, 19-20, and 22-23 are exhausted and/or procedurally defaulted. In evaluating whether Wilkins exhausted his claims, the Court liberally construes his state court *pro se* petitions.

## I. Analysis of the Claims

### A. Claims 1, 2, and 3

In Claim 1, Wilkins asserts that his Fourteenth Amendment rights to due process and equal protection were violated because the trial court failed to hold a *Barker* hearing on his speedy trial right claim. Docket No. 45 at 2-8. In Claim 2, Wilkins asserts his Sixth and Fourteenth Amendment rights to a speedy trial were violated because he was in pre-trial detention for five years and seven months before his trial. *Id.* In Claim 3, Wilkins asserts that his Fourteenth Amendment rights to due process and equal protection were violated because he was denied a liberty interest granted under state law, to wit, California Penal Code § 1382, which provides for a

right to a speedy trial within 60 days. *Id.* at 28-30.[4]

Wilkins now states that he exhausted Claims 1, 2, and 3 in Petitions #1, 2, 3, and 14. *See* Docket No. 70 at 3-4. Respondent argues that Petition #3 "arguably exhausts" Claim 2 and that Petition #1 "arguably exhausts" Claim 3 but that both petitions are procedurally defaulted. Docket No. 74 at 6-7. Respondent does not specifically address exhaustion of Claim 1.

Petition #3 states claims for a constitutional due process and equal protection violation "of Federal Speedy Trial Right[;]" cites to *Barker v. Wingo*, 407 U.S. 514 (1972); and states that Wilkins's rights have been violated by a pre-trial delay of 49 months and counting, and that the superior court "is denying Constitutional Due Process by failing to afford a *Barker* inquiry or ruling on transferred writ." *See* Docket No. 70-3 at 4-6. These contentions match Claims 1 and 2 of the Amended Petition. Petition #1 presents a due process and equal protection claim under the 14th Amendment for denial of a protected liberty interest under Penal Code § 1382. *See* Docket No. 70-1 at 4-7. This matches Claim 3 of the Amended Petition. The question, then, is whether respondent is correct that Claims 1, 2, and 3 are procedurally defaulted because of the manner in which the California Supreme Court disposed of Petitions #1 and 3.

### 1. Claims 1 and 2 Are Not Procedurally Barred, But Are Unexhausted.

The California Supreme Court denied Petition #3 with citations to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), and *In re Miller*, 17 Cal. 2d 734, 735 (1941). The Court finds that the California Supreme Court's rejection of Petition # 3 did not result in a procedural default for any claim therein.

---

[4] In Claims 1 and 3, Wilkins also alleges due process and equal protection violations under the Fifth Amendment. In its prior Order, the Court explained that the Fifth Amendment rights to due process and equal protection apply to the federal government rather than to the states. Docket No. 58 at 3 n.1 (citing *High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 570-71 (9th Cir. 1990)). The Court thus dismissed all of Wilkins's claims premised on his purported Fifth Amendment rights to due process and equal protection. *Id.* Wilkins has provided no argument for reconsideration of this ruling. The Court's ruling dismissing all claims alleging due process or equal protection violations under the Fifth Amendment therefore stands, and the Court will not address Fifth Amendment allegations further in this Order.

Under California law, a denial of a habeas petition with a citation to *Duvall* indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." *Duvall*, 9 Cal. 4th at 474. Both problems are defects that can be cured in a renewed state petition. *Cf. Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986) (a state petition denied with a *Swain* citation, which stands for the proposition that a petitioner has failed to state his claim with sufficient particularity and has failed to explain the reasons for any delay in filing, can be cured in a renewed petition). State judicial remedies are not exhausted in such a case. *See id.* However, because it signals a curable defect, the *Duvall* citation does not result in a procedural bar to federal court review of a claim – a petitioner can file a new state habeas petition to cure the pleading deficiency and then have federal court review of the claim.

The second case cited in the California Supreme Court's denial of Petition # 3, *In re Miller*, meant that Petition # 3 was rejected because it presented the same grounds set forth in a prior petition, without alleging a change in the law or facts that affected the substantial rights of the petitioner. *In re Miller* does not act as a procedural bar to federal habeas review. *See, e.g., Carpenter v. Ayers*, 548 F. Supp. 2d 736, 758 (N.D. Cal. 2008) (finding that *In re Miller* "merely maintains the status quo of what occurred when the same claims were raised in the first state habeas petition, and does not act as a separate procedural bar to federal habeas review"); *Bryant v. Curry*, No. C 07-1845 JSW PR, 2010 WL 3168385, at *3 (N.D. Cal. Aug. 10, 2010) ("The Ninth Circuit has held that *Miller* means only that the claim is being denied in the second petition on the same grounds as it was denied on in the first one—which is not the same thing as invoking a procedural bar.") (citing *Kim v. Villalobos*, 799 F.2d 1317 at n. 1). Thus, Claims 1 and 2 are not procedurally barred by virtue of the rejection of Petition #3.

That leaves the question whether Claims 1 and 2 were exhausted by any other petition filed in the California Supreme Court. The Court finds they were not. The Court has reviewed the remaining petitions on which Wilkins relies (Petitions #1, 2, and 14). Petition #1 states a claim for a denial of federal due process and equal protection based on "mandatory state law Penal Code

1382 which creates a protected liberty interest." Docket No. 70-1 at 4-7. This is the claim raised in Claim 3, not in Claims 1 or 2. Petition #2 raises a claim for a statutory violation of the state speedy trial right (labeled as "Ground 1") as well as a claim for "denial of federal and state constitutional right to due process and equal protection of laws" (labeled as "Ground 3"). Docket No. 70-2 at 4, 6. Ground 1 did not exhaust the Amended Petition's federal constitutional claims. Ground 3 failed to exhaust state court remedies because it was so lacking in detail. The only relevant fact Wilkins alleged in Ground 3 is that "The Court (Superior) denied the right to a speedy trial in 60 days without good cause." *See id.* at 6. Finally, Petition #14 did not exhaust any claim because Petition #14, attached to the motion for reconsideration, was filed in the California Court of Appeal rather than the California Supreme Court. *See* Docket No. 70-14. Claims 1 and 2 are not exhausted.

### 2. Claim 3 Is Procedurally Barred.

Petition #1, in which Claim 3 was presented, was denied by the California Supreme Court on October 1, 2014, with citations to *In re Clark*, 5 Cal. 4th 750, 767-69 (1993), and *In re Miller*, 17 Cal. 2d at 735. The only claim alleged in Petition # 1 was the combined due process/equal protection/California Penal Code § 1382 claim for a denial of the speedy trial right under § 1382.

The citation to *In re Miller* would not result in a procedural bar for the reasons described in the preceding section. However, the *In re Clark* citation does result in a procedural bar. A denial of a petition by the state court with a citation to *Clark*, 5 Cal. 4th at 767-69, represents a rejection of the state habeas petition as successive (i.e., repetitious presentation of the same claim) or an abuse of the writ (i.e., piecemeal presentation of claims).

This Court thus must consider whether the *Clark* successive/abusive petition bar is independent and adequate. The independence of the bar is readily apparent. The *Clark* bar is independent because the California Supreme Court "explicitly invoke[d] the procedural rule as a separate basis for its decision," *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003), and the application of the bar did not "depend[] on a consideration of federal law," *id.,* because federal law plays no role in determining whether a new habeas petition has been filed after an earlier petition

10

that did not include that claim has been denied.  *See generally Clark*, 5 Cal. 4th at 767-69 (describing successive/abusive petition rule without any indication of a federal law role in the determination of whether a petition is successive); *see also Bennett*, 322 F.3d at 581 (rule that is not "interwoven with federal law . . . is an independent state procedural ground").

The *Clark* bar also is adequate.  Respondent satisfied his initial burden to show the adequacy of the state procedural ground by identifying the rejection of Petition #1 with a citation to *Clark* and urging that the *Clark* bar is a valid procedural bar, noting other cases that have concluded that the *Clark* bar is adequate.  *See* Docket No. 74 at 4-5, 7-8; *Bennett*, 322 F.3d at 586. The "burden to place that defense in issue" then "shift[ed] to the petitioner," *Bennett*, 322 F.3d at 586, but Wilkins did not meet it.  This Court concludes that respondent has satisfied his burden to show that the *Clark* rule against successive/abusive petitions is adequate.  *See generally Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004) (finding that state met its burden with regard to *Lindley* rule (i.e., that insufficiency of evidence claims had to be brought on direct appeal rather than habeas) where petitioner did "not argue or come forward with any evidence that the *Lindley* rule is not firmly established and regularly followed by the California courts"); *Lee v. Jacquez*, 788 F.3d 1124, 1132 (9th Cir. 2015) ("In every case where the state has been permitted to use the *Dixon* bar [i.e., rule that state court will not consider habeas claims that should have been raised on direct appeal but were omitted] as an affirmative defense, the petitioner failed to place the adequacy of the bar at issue as required by *Bennett's* second step."), *rev'd on other grounds by Johnson v. Lee*, 136 S. Ct. 1802 (2016).

The California Supreme Court's rejection of Petition # 1 as an improper successive petition and/or abuse of the writ imposed a state procedural rule that is independent of federal law and adequate to bar consideration on federal habeas of Claim 3 of the petition.

In cases in which the state court decision is based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749-50.  Wilkins has not established cause or prejudice, or shown that the

failure to consider Claim 3 will result in a fundamental miscarriage of justice.

Wilkins also argues that Claim 3 was exhausted by virtue of its inclusion in Petitions #2, 3 or 14 filed in the California Supreme Court. None of those petitions sufficed to fairly present Claim 3, however. Petition # 2's third ground for relief asserted a claim for a due process and equal protection violation under the Fourteenth Amendment but not based on a denial of a state-created liberty interest in a speedy trial under California Penal Code § 1382; instead Petition #2 urged that the superior court denied due process in the hearing on Wilkins's motion to dismiss for a speedy trial violation. *See* Docket No. 70-2 at 6. Petition # 2's first ground for relief also did not exhaust Claim 3 because it alleged a claim for a violation of California Penal Code § 1382 rather than for a violation of a federal constitutional right. *See id.* at 4. Petition # 3 did not exhaust Claim 3 because it did not present a federal constitutional claim premised on a deprivation of a state-created liberty interest under California Penal Code § 1382. *See* Docket No. 70-3. As to Petition #14, the Court has already explained that petition failed to exhaust any claim because it is a petition filed in the Court of Appeal. *See* Docket No. 70-14.

Claim 3 is procedurally barred and is now dismissed.


**B.    Claims 4 and 5**

Claim 4 alleges that Wilkins's Fourteenth Amendment rights to due process and equal protection were violated because he was denied a fair trial based on the trial court's refusal to grant a full and fair hearing on his motion to dismiss under California Penal Code § 825 for a delayed arraignment. Docket No. 45 at 31-33. Claim 5 alleges his Fourteenth Amendment rights to due process and equal protection were violated because of pre-arraignment delay and delayed arraignment. *Id.*

Wilkins cites Petition #13 to support both claims. Docket No. 70 at 4. Respondent argues that the California Supreme Court transferred Petition #13 to the First District Court of Appeal, the Court of Appeal denied the petition (A136739), and Wilkins did not seek review of the petition in the California Supreme Court. Docket No. 74 at 8. The docket sheet for Petition #13 shows no activity following the transfer from the California Supreme Court to the Court of Appeal. *See*

Docket No. 77, Ex. 13. In his reply, Wilkins does not dispute that he did not seek relief in the California Supreme Court after the appellate court denied relief. Rather, he states, "Petitioner, a layperson, believed that the complete round [of appellate review] – albeit in reverse order – had been invoked." Docket No. 75 at 3. Petitioner cites no authority to support his argument that appealing a petition in the incorrect order constitutes a fair and full presentation of a federal claim to the state's highest available court. The Court holds that Claims 4 and 5 were not exhausted.

### C.     Claim 7

In Claim 7, Wilkins alleges the trial court violated his Fifth Amendment right to be free from double jeopardy when the trial court held further proceedings after the December 20, 2011 dismissal due to jury deadlock. Docket No. 45 at 44-46.

Wilkins's motion for reconsideration cites Petition #15. Docket No. 70 at 5. As respondent notes, the petition presents and analyzes the following claims: (1) that "defendant was denied constitutional due process by the court disregarding the defense[']s P.C. 859c request[;]" and (2) that "defendant was prejudiced from the court[']s violation of mandatory statutory procedure in P.C. 1368(c) by dismissing the jury in criminal trial without cause and in error." *See* Docket No. 70-15 at 2; Docket No. 74 at 9. The only mention of double jeopardy in that petition is a one-sentence parenthetical referencing a statutory violation: "Petitioner alleges he was irrevocably prejudiced by the court[']s violation of statutory procedure (double jeopardy)." *See* Docket No. 70-15 at 14. Petition #15 discusses the mistrial and reinstatement as violating California statutory law. *See id.* at 13-20. Despite a liberal construction, the Court cannot conclude that Petition #15 exhausted Claim 7.

### D.     Claim 8

Claim 8 alleges violations of the rights to equal protection under the Fourteenth Amendment and the right to be free from cruel and unusual punishment under the Eighth Amendment, based on the denial of access to psychotropic medications needed to maintain Wilkins's competence to stand trial. Docket No. 43 ¶ 19; Docket No. 45 at 23-26. Wilkins cites

to Petition #4 for his argument that he exhausted Claim 8. Respondent argues the petition does not raise any equal protection claim or claim under the Eighth Amendment. Docket No. 74 at 9. The Court agrees with respondent and finds that Claim 8 is unexhausted.

### E. Claim 12

In Claim 12, Wilkins contends the trial court violated his Fourteenth Amendment rights to due process and equal protection and his Sixth Amendment right to counsel when it denied Wilkins a *Marsden* hearing on his request for substitution of counsel. Docket No. 45 at 49-51. Looking to a state court petition that respondent provided in the original motion to dismiss, the Court previously found Claim 12 partially exhausted insofar as it pertained to the denial of a *Marsden* hearing under the Sixth Amendment. Docket No. 58 at 6 (citing Docket No. 53-2, Case No. S226831). Wilkins now asks that the Court reconsider this ruling, citing Ground 5 of Petition #8, but provides no argument in support of reconsideration. Rather, he continues to frame his argument only as a violation of his constitutional right to counsel. *See* Docket No. 70 at 6. Respondent argues that Petition #8 does not raise separate due process or equal protection violations under the Fourteenth Amendment. The Court agrees with respondent.

Respondent also challenges the Court's prior ruling as to partial exhaustion of Claim 12, arguing that the claim in the state court petition (S226831, Docket No. 53-2) on which the Court previously relied is procedurally defaulted. Docket No. 74 at 12-13. Respondent points to this footnote from the California Court of Appeal decision affirming Wilkins's conviction:

> In light of the suspension of proceedings in 2011 and [trial counsel William] Du Bois's subsequent removal in favor of a new attorney, the issue of the propriety of the rulings on any *Marsden* motions made prior to the resumption of criminal proceedings in 2012 is moot, and we do not discuss these motions. Defendant has, in any event, waived error in connection with these motions by failing to address them with specificity in his opening brief.

Docket No. 53-1 at 11 n.6. Respondent argues that the appellate court's finding of waiver makes the claim procedurally barred. Docket No. 74 at 12-13. In pointing to the Court of Appeal decision on this point, and supporting case law, respondent met his initial burden of pleading the existence of an independent and adequate state procedural ground. *See Bennett*, 322 F.3d at 586.

14

Respondent points to California cases discussing waiver of claims that were raised but not argued as well as to several district court cases finding "California's inadequate briefing rule is a well established and consistently applied rule." *See* Docket No. 74 at 13 (citing, inter alia, *Patterson v. Beard*, No. 13cv1536-MMA (DHB), 2015 WL 412841, at *15 (S.D. Cal. Jan. 30, 2015); *Gentry v. Grounds*, No. 13-cv-0142 WBS KJN P, 2015 WL 3733395, at *13 (E.D. Cal. June 11, 2015)). The burden thus shifts to petitioner to place the affirmative defense of procedural bar in issue "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *See Bennett*, 322 F.3d at 586. Wilkins has not met this burden. His reply brief continues to focus on Petition #8 and does not address respondent's procedural bar argument at all. *See* Docket No. 75 at 4.

However, the Court will not find that all of Claim 12 is procedurally barred. The Court of Appeal's reasoning applied only to that portion of the claim regarding "any *Marsden* motions made prior to the resumption of criminal proceedings in 2012 . . . ." *See* Docket No. 53-1 at 11 n.6. Thus, it does not impact Wilkins's claim regarding improper denial of *Marsden* motions made after the resumption of proceedings in 2012. *See id.* at 11 (explaining that "criminal proceedings resumed after May 2012.").[5]

In sum, the Court concludes that Claim 12 remains partially exhausted. That is: (1) the portion of Claim 12 asserting that the denial of the *Marsden* motions Wilkins made after criminal proceedings resumed in 2012 denied him his Sixth Amendment right to effective assistance of counsel is exhausted; (2) the due process and equal protection claims are not exhausted; and (3) claims as to *Marsden* motions made before criminal proceedings resumed in 2012 are procedurally barred and therefore dismissed.

## F.    Claim 14

Claim 14 alleges that Wilkins's Fourteenth Amendment rights to due process and equal

---

[5] The Court need not reach respondent's argument that Claim 12 is moot, in light of the Court's finding that Wilkins has not met his burden of putting the procedural bar in issue. *See* Docket No. 74 at 12.

protection were violated when the prosecution failed to correct witness testimony of Samuel Bryant and Brenda Nader that the prosecution knew to be false. Docket No. 45 at 39-40. Wilkins cites Petition #8 for his position that he exhausted this claim. Docket No. 70 at 5-6. Respondent acknowledges that Claim 14 is partially exhausted to the extent the claim pertains to the Due Process Clause of the Fourteenth Amendment based on the prosecution's (1) failure to disclose Bryant committed a bank robbery in May 2006 as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and (2) failure to correct Bryant's false testimony that he had been involved in only two bank robberies, committed in August 2006 and February 2007. *See* Docket No. 74 at 10-11 (citing Docket No. 70-8 at 3-5). Respondent notes, correctly, that Petition #8 does not raise equal protection claims and does not mention witness Nader. *See id.* at 11. Accordingly, the Court concludes Claim 14 is exhausted as to the 14th Amendment due process claim that the prosecution failed to disclose that Bryant committed a bank robbery in May 2006 and failed to correct Bryant's false testimony omitting this information, but is unexhausted as to a claim for equal protection or for any issues pertaining to witness Nader.

### G.     Claim 15

In Claim 15, Wilkins alleges his Fourteenth Amendment rights to due process and equal protection were violated when he was denied a fair trial because the trial court refused to hear a motion to strike his invalid and unconstitutionally obtained prior convictions (i.e., when the trial court denied his requests for a hearing under *People v. Sumstine*, 36 Cal. 3d 909 (1984)). Docket No. 45 at 48-49. Wilkins cites Petitions #9 and #10 in support of Claim 15 but concedes in his reply that Petition #9 does not exhaust the claim. Docket No. 70 at 6-7; Docket No. 75 at 5.

Respondent argues that Petition #10 presents a claim for ineffective assistance of appellate counsel for failure to argue on appeal that petitioner's due process or equal protection rights were violated when the trial court failed to hold a *Sumstine* hearing, rather than a direct due process or equal protection violation claim based on the trial court's refusal to hear the motion. Docket No. 74 at 14. As further support of this position, respondent attaches the appellate petition that preceded Petition #10, in which Wilkins frames his claim as "Ineffective Assistance on Appeal

(Court Appointed Counsel has failed to address the trial court[']s failure to hold repeatedly requested "Sumstine Hearing"). *See* Docket No. 77, Ex. 17 at 3.

The Court finds that Petition #10 does not exhaust Claim 15 because Wilkins did not sufficiently alert the court to the existence of a federal claim as to the trial court's ruling. State courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *see also Castillo v. McFadden*, 399 F.3d 993, 1001-02 (9th Cir. 2005) (requiring reference to "specific provision of the U.S. Constitution[;]" statement that appellant was "denied a fair trial in violation of the United States and the Arizona Constitutions" insufficient); *Hiivala v. Wood*, 195 F.3d 1098, 1106-07 (9th Cir. 1999) (insufficiency of the evidence claim not mentioning federal due process clause, the 14th Amendment, or federal case law did not fairly present the issue to state court). In Petition #10, Wilkins lists the "Issues Presented" as: "a. Due Process b. Equal Protection c. Right to Counsel[.]" Docket No. 70-10 at 3. Nowhere in the five-page petition does he discuss any federal constitutional provisions or federal cases. He mentions federal law only in the conclusion: "California courts have exempted Petitioner from Federal/State Constitutional Rights and State/Federal Laws and Authorities for over 6 years. Petitioner requests review be granted." *Id.* at 7. This is insufficient to alert the state court that the petition asserts a federal constitutional claim based on the trial court's refusal to hear a motion.

Moreover, the Court agrees with respondent that Wilkins appears to have been raising an ineffective assistance of counsel claim. Wilkins's legal argument in Petition #10 begins and concludes with a claim regarding ineffective appellate counsel. *Id.* at 5, 7. Where he recites the underlying facts regarding denial of a *Sumstine* hearing, he appears to do so as evidence of counsel's ineffectiveness. *See, e.g., id.* at 6 ("Court Appointed Counsel failed to raise this error on appeal"). "[A] claim of ineffective assistance of appellate counsel does not fairly present the underlying claim to the state court." *Robinson v. Miller*, No. C 11-1339 LHK PR, 2012 WL 3156816, at *6 (N.D. Cal. Aug. 3, 2012) (citing *Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005)). Even in a liberal construction, the Court cannot find that Petition #10 asserts a claim

under the due process and equal protection clauses of the Fourteenth Amendment. Wilkins did not exhaust Claim 15.

### H.    Claim 16

In Claim 16, Wilkins alleges that his Sixth and Fourteenth Amendment rights to confront accusers and witnesses against him were violated when the trial court denied his request to cross-examine Samuel Bryant and six victims. Docket No. 45 at 18-19. Wilkins cites Petition #11, Case No. S227880, as the petition that exhausted this claim. Docket No. 70 at 7. The Court previously reviewed this petition and found it insufficient to exhaust the claims in the Amended Petition. *See* Docket No. 58 at 7-8. Upon reconsideration, the Court concludes that Claim 16 remains unexhausted. In addition to the reasons stated in the prior Order, *see id.* at 7-8, Claim 16 of the Amended Petition is a claim under the Confrontation Clause of the Sixth Amendment, but (in petitioner's own words) Petition #11 raises "a Sixth Amendment violation in the form of ineffective assistance of counsel . . . ." *See* Docket No. 70 at 7. Thus, Petition #11 does not exhaust Claim 16.

### *I.*    Claim 17

Claim 17 alleges that Wilkins's Fourteenth Amendment rights to due process and equal protection were violated when Wilkins was denied a fair trial based on repeated instances of bias, prejudice, and partiality by the trial court judge, Judge Joseph Hurley. Docket No. 45 at 40-44. Wilkins says he exhausted this claim in Petition #7 and Petition #11. Docket No. 70 at 7. As discussed above, the Court previously analyzed Petition #11. For the same reasons stated, the Court continues to find Petition #11 insufficient to exhaust any claims in the Amended Petition, including Claim 17. *See* Docket No. 58 at 7-8.

With regard to Petition #7, the Court finds that petition lacks sufficient detail to fairly present Claim 17. Petition #7 alleged three claims. *See* Docket No. 70-7. The first two claims were for lack of jurisdiction and the third was for a due process claim related to Wilkins being taken off of his state hospital-prescribed medications. Although the first two claims list the

Fourteenth Amendment as one of the sources of authority, the claims are not framed as denials of due process or equal protection. Although Petition #7 alleges that Judge Hurley refused to accept an agreement between the prosecution and defense regarding Wilkins's lack of competency, the petition goes on to state that Judge Hurley granted counsel's request for a mistrial "and then ordered that all further competency matters be held with Judge Horner in Dept 13[.]" *See id.* at 4-5. Rather than discussing Judge Hurley's bias, Petition #7 discusses how Judge Hurley handled the competency issue and the case generally. This does not exhaust Claim 17, which alleges that "Judge Hurley demonstrated in numerous instances actual gross bias, prejudice, and partiality against Mr. Wilkins and the defense, which he asserts could have left nothing less than abiding impression in the minds of the jurors that Judge Hurley was advocating against the defense." *See* Docket No. 45 at 41. Wilkins has failed to exhaust Claim 17.

### J.      Claim 19

In Claim 19, Wilkins alleges his Fourteenth Amendment rights to due process and equal protection were violated when the trial court imposed an excessively harsh sentence which amounted to punishment for Wilkins's exercise of his constitutional right to a trial by jury. *Id.* at 21-23. Specifically, he alleges he was offered two plea deals of 22 years and 24 years, but that after plea negotiations broke down and he went to trial, the trial court punished him for going to trial by imposing a sentence of 100 years to life. *Id.* at 22. He cites to *United States v. Stockwell*, 472 F.2d 1186, 1187 (9th Cir. 1973). *Id.* at 21-22. Wilkins states that he exhausted this claim in Ground 3 of Petition #8. Docket No. 70 at 8.

Ground 3 of Petition #8, however, is a claim for cruel and unusual punishment, based on the Eighth Amendment. *See* Docket No. 70-8 at 7. He describes Ground 3 as "Cruel + Unusual Punishment (Petitioner was given de facto life without the possibility of parole for conviction for crimes with only eleven years sentencing exposure)[.]" *Id.* Wilkins argues that the petition does reference due process because he states in a parenthetical: "(Note: Due Process not given on this Claim.")  Docket No. 75 at 6; *see also* Docket No. 70-8 at 8. This passing reference did not sufficiently present the due process and equal protection claims to the state court because Ground

19

3 was framed entirely in terms of cruel and unusual punishment. Accordingly, Claim 19 is unexhausted.

### K.   Claim 20

Claim 20 charges that Wilkins's Fourteenth Amendment rights to due process and equal protection were violated when his sentence was enhanced due to unconstitutionally obtained prior convictions. Docket No. 45 at 49. As with Claim 19, Wilkins cites to Ground 3 of Petition #8 in support of this claim. *See* Docket No. 70 at 8. As previously discussed, Ground 3 of Petition #8 is a claim of cruel and unusual punishment premised on the Eighth Amendment. Because the claim does not mention the federal right to due process, any type of equal protection, or the 14th Amendment, Wilkins's Claim 20 was not fairly presented to the state court and therefore is not exhausted. *See Hiivala*, 195 F.3d at 1106-07.

### L.   Claim 22

Claim 22 alleges that Wilkins's Fourteenth Amendment rights to due process and equal protection and his Sixth Amendment right to effective assistance of counsel were violated when he was forced to proceed to trial with counsel, William DuBois, who had an irreconcilable conflict with him and who provided grossly ineffective assistance of counsel ("IAC") at trial. Docket No. 45 at 8-16.

Specifically, the amended petition presents various sub-claims of IAC: (1) irreconcilable differences; (2) disregard of Wilkins's request not to be asked a particular question on direct examination; (3) failure to conduct an adequate investigation regarding alibi; (4) failure to investigate DNA evidence issues; (5) failure to investigate Wilkins's medical history; (6) failure to provide doctors with requested documents; (7) requesting a mistrial before a stipulation was entered; (8) failure to file or prepare for various motions; (9) failure to address *Brady* violations; (10) failure to advocate for an independent competency evaluation; and (11) failure to investigate a "crucial document," that is, a Relinquishment of Time Waiver that Wilkins alleged he filed on May 15, 2009. *Id.*

Wilkins contends that Petitions #8, 10, 11, and 12 exhausted Claim 22. Docket No. 70 at 8-9. As discussed above, the Court reviewed Petition #11 in its prior ruling and upon reconsideration continues to find it does not exhaust Claim 22. *See* Docket No. 58 at 7-8 (finding petition did not fairly present the claim to the state court because it impermissibly incorporated by reference an appellate petition and was also so lacking in detail that the California Supreme Court would not have understood the claim). Petition #8 presents an IAC claim for failure to show that Bryant's testimony was false. Docket No. 70-8 at 6. This does not match Claim 22 of the Amended Petition.

Petition #10 asserts claims for ineffective assistance of appellate counsel, not of trial counsel DuBois. Although Wilkins makes reference to "trial counsel[']s failure to investigate, failure to obtain medical records, failure to provide the NGI appointed [competency] doctor requested documents . . . ," he does so in the context of explaining that appellate counsel was ineffective in failing to raise these issues on appeal. *See* Docket No. 70-10 at 5-7. Therefore, Petition #10 does not exhaust any portion of Claim 22.

Finally, Wilkins states that he exhausted Claim 22 in Grounds 1 and 2 of Petition #12. Ground 1 states a claim for IAC under the Sixth Amendment because counsel failed to present expert testimony during the competency hearing, failed to get a psychiatric evaluation, and waited a full year to complete these duties. Docket No 70-12 at 5. Wilkins does not use these facts as the basis of his IAC claim in Claim 22 of the Amended Petition and therefore Petition #12, Ground 1, does not exhaust Claim 22.

Ground 2 of Petition #12 asserts a "Denial of Due Process with Prejudice," with citation to the Fourteenth Amendment. *Id.* at 6. In his statement of supporting facts, Wilkins explains that in December 2011, defense counsel and the prosecution made an agreement to stipulate to Wilkins's incompetence. *Id.* Based on this agreement, Wilkins then states that his counsel requested a mistrial, that the prosecution then "renege[d]" on the agreement, and that a mistrial was then granted. *Id.* at 6-7. Respondent argues that this does not exhaust any of Claim 22 because Ground 2 is not an IAC claim but rather that Wilkins "labels the claim as a denial of due process[.]" Docket No. 74 at 19. However, in Claim 22 Wilkins relies on the due process and equal

protection clauses of the Fourteenth Amendment as well as on the Sixth Amendment. Therefore, to the extent that Claim 22 is a due process claim under the Fourteenth Amendment based on trial counsel's request for a mistrial before the parties entered the stipulation on competency into the record, the Court finds only this portion of Claim 22 exhausted. The remainder of Claim 22 is unexhausted.

### M.    Claim 23

Lastly, in Claim 23, Wilkins alleges his Sixth Amendment right to effective assistance of counsel was violated by his appellate counsel, Juliana Drous. Docket No. 45 at 16-17. He provides three instances of ineffective assistance, asserting "that appellate counsel failed to obtain and review the record that must be maintained under Cal. Rules of Court 8.320 for appellate cases[,]" that she failed to address or take action on "evidence of trial counsel's false assertions to the court regarding his medical records[,]" and that she failed to address or take action on "evidence contradicting rebuttal witness Tracy Wiese's false testimony." *Id.*

He relies on Petitions #1, 10, and 11 to show that he exhausted this claim. Petition #11 was previously considered by the Court and determined not to exhaust his claim for ineffective assistance of appellate counsel because it improperly incorporated appellate petitions by reference and was lacking in detail. *See* Docket No. 58 at 7-8. The Court finds the claims in Petition #11 did not exhaust state court remedies for any claim now before this Court.

Wilkins argues that Petition #10 exhausts his claim because it states that appellate counsel did "not rais[e] the denial of a hearing on the constitutionality of his 1999 convictions" and because it "contains the claim that trial counsel was ineffective in failing to obtain petitioner's medical records and failing to provide the NGI appointed doctor records that were requested." Docket No. 70 at 9. The Court disagrees for several reasons. First, as already explained, Petition #10 did not sufficiently alert the state court to the existence of a federal constitutional claim. Although petitioner frames his petition as one for ineffective assistance of appellate counsel and cites "right to counsel" as one of the "Issues Presented," he does not cite to the Sixth Amendment or to any other source of federal law beyond a general reference in the conclusion to his

"Federal/State Constitutional Rights and State/Federal Laws and Authorities." *See* Docket No. 70-10 at 3, 7. Additionally, the only facts in Petition #10 and Claim 23 that arguably overlap are the assertion in the former that "[C]ourt appointed appeal counsel fail[ed] to complete the record as required by State Law 8.320; 8.328 and 8.340 C.R.C.[,]" *id.* at 6-7, but no facts were alleged to show how counsel failed to complete the record or how this prejudiced Wilkins. Petition #10 does not exhaust Claim 23.

As to Petition #1, Wilkins states that it exhausts Claim 23 because it "alleges IAC as a consequence of the failure on the part of appeal counsel to raise the issue of the violation of petitioner's speedy trial right." Docket No. 70 at 10. This does not map onto the facts alleged in Claim 23. Accordingly, the Court finds that Wilkins did not exhaust Claim 23.

## II. Wilkins Must Choose How to Deal with Unexhausted Claims.

Wilkins's Amended Petition for writ of habeas corpus contains both exhausted and unexhausted claims, and therefore is a "mixed" petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). The Court cannot adjudicate the merits of a habeas petition where any claim has not exhausted its state court remedies. *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust). Here, Claims 1-2, 4-11, 13, 15-17, 19-20, and 23 are unexhausted, as well as a portion of Claims 12, 14, and 22, so the Court may not consider the petition on its merits. Further, Claim 3 and a portion of Claim 12 are procedurally barred and therefore dismissed.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the Amended Petition—potentially causing time-bar of any later-filed petition—without giving Wilkins the opportunity to choose whether to proceed with the exhausted claims. Accordingly, the Court will allow Wilkins to choose one of the following options:

(1)     dismiss the Amended Petition's unexhausted claims, and go forward in this action with only Claims 18 and 21, and portions of Claims 12, 14, and 22; or

23

1   (2)    dismiss this action and return to state court to exhaust all claims before filing a new

2   federal petition presenting all claims; or

3   (3)    file a motion for a stay of these proceedings while he exhausts his unexhausted

4   claims in the California Supreme Court.

5   In its prior Order, the Court cautioned Wilkins of the risks associated with these options

6   and so does not repeat those statements here. *See* Docket No. 58 at 10-11. Wilkins has until

7   **February 1, 2019**, to notify the Court of his choice.

9   ### III.    No *Pro Se* Filings from the Represented Petitioner

10  Throughout these proceedings, and again recently, Wilkins has sent letters and requests

11  directly to the Court. The Court appointed counsel for Wilkins at Wilkins's request. As the Court

12  previously mentioned, as long as counsel represents Wilkins, only his attorney should be

13  communicating with the Court. *See* Docket No. 58 at 12; *see also United States v. Mujahid*, 799

14  F.3d 1228, 1236 (9th Cir. 2015) (district court acted within its discretion in declining to grant

15  request made by *pro se* litigant who was then represented by counsel); *McCullough v. Graber*, 726

16  F.3d 1057, 1059 n.1 (9th Cir. 2013) (declining to consider *pro se* letters from habeas petitioner

17  because he was represented by counsel); *Rosenblum v. Campbell*, 370 F. App'x 782 (9th Cir.

18  2010) (denying petitioner's motion for leave to file a *pro se* supplemental brief; "[b]ecause

19  [petitioner] is represented by counsel, only counsel may submit filings.")

20  If Wilkins wants to terminate the attorney and represent himself, he can file such a motion

21  directly with the court. Otherwise, Wilkins must communicate his questions, comments, or

22  concerns about this case to his attorney, who will then decide whether a court filing is appropriate.

24  ### CONCLUSION

25  Petitioner's motion for reconsideration is hereby GRANTED IN PART AND DENIED IN

26  PART. Claims 1-2, 4-11, 13, 15-17, 19-20, and 23, as well as a portion of Claims 12, 14, and 22,

27  are unexhausted. Claims 18 and 21, and a portion of Claims 12, 14, and 22, are exhausted. Claim

28  3 and a portion of Claim 12 are procedurally barred and thus dismissed.

United States District Court
Northern District of California

Wilkins must file no later than **February 1, 2019**, a notice in which he states whether he chooses to (1) dismiss the unexhausted claims and go forward in this action with only Claims 18, 21, and portions of 12, 14, and 22, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses option (1) or option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Notice of Choice By Petitioner" and states simply: "Petitioner chooses to proceed under option ___ provided in the Order Granting in Part and Denying In Part Petitioner's Motion for Reconsideration." Wilkins would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses option (3), no later than **February 1, 2019**, Wilkins must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If he wants to file a motion under *King/Kelly*[6] to amend his Amended Petition (to delete the unexhausted claims) and to stay this action while he exhausts state court remedies for the unexhausted claims, he may do so no later than **February 1, 2019**. If Wilkins does not choose one of the three options or file a motion by the deadline, the court will dismiss the unexhausted claims and adjudicate the remaining claims.

Given the numerous extensions already granted to Wilkins during the briefing of the motion to dismiss, the Court will not look favorably on further requests to extend these deadlines.

**IT IS SO ORDERED**.

Dated: January 7, 2019

_____

SUSAN ILLSTON
United States District Judge

---

[6] *See* Docket No. 58 at 11 n.2 (citing *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003)).