UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br>　　　　Petitioner,<br>　v.<br>JEFF MACOMBER,<br>　　　　Respondent. | Case No. 16-cv-00221-SI<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR SUBSTITUTION OF COUNSEL**<br>Re: Dkt. No. 82 |

　　　　Petitioner Keenan G. Wilkins has filed a motion to substitute counsel, stating that he has received ineffective assistance of counsel from the attorney this Court appointed to represent him in his action for a writ of habeas corpus in February 2017. Docket Nos. 34, 36, 82, 84, 85. His attorney, James Phillip Vaughns, has filed a response. Docket No. 86. Mr. Vaughns disputes some of petitioner's allegations but concedes "that the attorney-client relationship ha[s] been damaged beyond repair." *Id.* ¶¶ 2, 6. Because Mr. Vaughns does not oppose petitioner's motion, *see id.* ¶ 2, the Court issues this Order without awaiting petitioner's reply, which was due February 18, 2019.

　　　　Under 18 U.S.C. § 3006A(c), a district court may, "in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." Petitioner's case has not advanced past the motion to dismiss stage, and the Court believes this is due in large part to the breakdown in the attorney-client relationship that both petitioner and Mr. Vaughns reference in their filings. *See* Docket Nos. 82, 86. The Court finds that the interests of justice warrant the substitution of counsel in this case.

　　　　However, the Court reminds petitioner that the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Once new counsel is appointed, the Court will not be inclined to consider another request for

substitution of counsel. If petitioner has problems with his new attorney, he will likely be left to represent himself. The Court encourages petitioner to work collaboratively with his new attorney and also reminds petitioner that, once his new attorney is appointed, only his attorney should be communicating with the Court. *See, e.g., United States v. Mujahid*, 799 F.3d 1228, 1236 (9th Cir. 2015). The only exception is that, if petitioner wants to terminate the new attorney and represent himself, he can file such a motion directly with the Court.

Accordingly, pursuant to 18 U.S.C. § 3006A, the Court **GRANTS** petitioner's motion for substitution of counsel. Mr. Vaughns shall be removed as counsel of record for this case. This matter is **REFERRED** to the Federal Public Defender to find new representation for petitioner.

The clerk shall provide a copy of this Order to the Office of the Federal Public Defender. Upon being notified by the Office of the Federal Public Defender that an attorney has been located to represent petitioner, the Court will appoint that attorney as counsel for petitioner. All further proceedings in this action are hereby **STAYED** for 30 days from the date new counsel is appointed, on which date counsel must file a notice stating whether petitioner chooses to proceed under Option 1, 2, or 3 as laid out in the Order Granting in Part and Denying in Part Petitioner's Motion for Reconsideration. *See* Docket No. 79 at 23-25.

Petitioner **does not** need to file his reply brief that was due February 18, 2019.

**IT IS SO ORDERED**.

Dated: February 6, 2019

SUSAN ILLSTON
United States District Judge