UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br>    Petitioner,<br>    v.<br>JEFF MACOMBER,<br>    Respondent. | Case No. 16-cv-00221-SI<br><br>**ORDER DENYING RECUSAL REQUEST AND DISMISING COMPLAINT ON ATTORNEY**<br><br>Re: Dkt. Nos. 89, 90 |

On February 6, 2019, the Court granted petitioner Keenan G. Wilkins's request for substitution of his appointed counsel in this habeas action. Docket No. 87. While he was awaiting appointment of new counsel, petitioner filed several documents directly with the Court. These include an affidavit for recusal of judge for extreme bias and prejudice, under 28 U.S.C. § 144, and a complaint on attorney for violation of professional rules of conduct and Local Rule 11-4(a). Docket Nos. 89, 90.

The undersigned evaluates petitioner's request for recusal of judge bearing in mind the rule that, absent a legitimate reason to recuse herself, a judge has a duty to sit in judgment in all cases assigned to that judge. *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).

Recusal is the process by which a federal judge may be disqualified from a given case. Requests to recuse a district judge are governed by two statutes, 28 U.S.C. § 144 and § 455. These statutes "require recusal only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (citations omitted). Section 144, which petitioner cites here, provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor

of any adverse party[.]" Section 144 requires that when a party in a district court "files a timely and sufficient affidavit[,]" the judge before whom the matter is pending "shall proceed no further therein" and another judge shall be assigned to hear the proceeding on the bias complaint, but only *after* the judge before whom the matter is pending has determined "the legal sufficiency of the affidavit[.]" *Id.*; 28 U.S.C. § 144. Section 455 also provides grounds for disqualification, and requires a judge to disqualify herself in any proceeding in which her impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976).

Petitioner's recusal request does not meet the legal sufficiency requirement of Section 144 because the allegations of bias are conclusory and do not allege an extrajudicial basis for the claimed bias or prejudice. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias); *Toth*, 862 F.2d at 1387-88 (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). It is not sufficient to simply urge that a judge is biased because she has ruled against the litigant in this or another action; it is incumbent on the party seeking recusal to show an adverse ruling reflects bias, and petitioner has not done so.

For similar reasons, the motion is insufficient to show bias under Section 455. It is well-established that actions taken by a judge during the normal course of court proceedings are not a proper ground for disqualification – and petitioner's complaints are of just this sort, as he complains about the rulings in this and two prior actions he filed. Judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal); *Toth*, 862 F.2d at 1387-88 (same). The recusal request is DENIED. *See* Docket No. 89.

Petitioner's "complaint on attorney" is a complaint regarding respondent's counsel Moona Nandi. *See* Docket No. 90. The "complaint on attorney" is DISMISSED because it is outside the

scope of this action for writ of habeas corpus by a state prisoner.

**IT IS SO ORDERED**.

Dated: March 1, 2019

SUSAN ILLSTON
United States District Judge