UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>Petitioner,<br><br>v.<br><br>JEFF MACOMBER,<br><br>Respondent. | Case No. 16-cv-00221-SI<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 114 |

On January 7, 2019, the Court issued an Order finding that petitioner Keenan Wilkins, a/k/a Nerrah Brown, had not exhausted the majority of the claims in his amended petition for writ of habeas corpus. Docket No. 79. Shortly thereafter, the Court granted petitioner's request for substitution of counsel and appointed new counsel to represent him. Docket Nos. 87, 92. Petitioner, through his new counsel, has now filed a motion for leave to file a motion for reconsideration of the Court's January 7, 2019 Order as well as a second amended petition for writ of habeas corpus. Docket Nos. 114 (Mot.), 115.

In his motion for leave, petitioner states that after his new counsel was appointed, "[c]ounsel subsequently obtained 35 unreviewed writ petitions and three complete writ petitions that had been previously filed with missing exhibits or attachments." Mot. at 2; Docket No. 117 (Balogh Decl.) ¶ 4. Petitioner also seeks to present argument regarding ineffective assistance of appellate counsel as it relates to exhaustion. To obtain leave to file a motion for reconsideration, "[t]he moving party must specifically show reasonable diligence in bringing the motion" as well as one of several circumstances, such as "a material difference in fact or law . . . from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought" or "[t]he emergence of new material facts or a change of law occurring after the time of such order[.]" Civil

L.R. 7-9(b).

The Court finds that, in light of petitioner's change of counsel, the numerous state court petitions that petitioner's new counsel uncovered, and delays caused by the COVID-19 pandemic, leave to file a motion for reconsideration is warranted here. The Court therefore GRANTS petitioner's motion for leave to file a motion for reconsideration. As it has previously cautioned, the Court reminds petitioner that the motion for reconsideration should cite to the page number and, where available, line numbers of the prior writs and match these to the specific claims petitioner raises. Given the large number of claims raised in the petition (twenty-three) and the number of state court petitions filed (over fifty), the Court will not engage in guesswork to determine which portions of the writs might exhaust which claims.

**Petitioner shall file his motion for reconsideration, including any and all state writs that he wishes the Court to consider, by October 19, 2020. Respondent shall file his opposition by November 9, 2020. If petitioner wishes to file a reply brief, he shall file it by November 23, 2020.**

**IT IS SO ORDERED**.

Dated: October 7, 2020

_____
SUSAN ILLSTON
United States District Judge