1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEENAN G. WILKINS,

Plaintiff,

v.

JEFF MACOMBER,

Defendant.

Case No. 16-cv-00221-SI

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR RECONSIDERATION AND GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE A SECOND AMENDED PETITION.**

Re: Dkt. Nos. 120, 123

Keenan Wilkins, a/k/a Nerrah Brown, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction from the Alameda County Superior Court.  On May 8, 2018 the Court granted respondent's motion to dismiss for failure to exhaust state court remedies.  Mtn. to Dismiss (Dkt. Nos. 53); Order Granting Mtn. to Dismiss (Dkt. No. 58).  The Court subsequently granted in part and denied in part Mr. Wilkins' first motion for reconsideration.  Order Re: Mtn. for Reconsideration (Dkt. No. 79).  The Court now addresses Mr. Wilkins' second motion for reconsideration and motion for leave to file a second amended petition.  Second Mtn. for Reconsideration (Dkt. No. 120); Motion to File Second Amended Petition (Dkt. No. 123).

## MOTION TO FILE SECOND AMENDED PETITION

In opposition to Mr. Wilkins' motion for reconsideration, respondent questions whether Mr. Wilkins may file a second amended petition ("second amended petition") – a threshold issue.

Opposition Re: Second Mtn. for Reconsideration (Dkt. No. 122 at 8[1]).  Following the receipt of this objection, Mr. Wilkins filed a formal motion for leave to file a second amended petition.  Motion to File Second Amended Petition (Dkt. No. 123).  The Court agrees with Mr. Wilkins' argument: appointment of new counsel, as was the case here, necessarily indicates an amended petition may be filed to correct the errors of prior counsel.  *Id*. at 3-4.

## MOTION FOR RECONSIDERATION

### BACKGROUND

I.      Procedural Background

Mr. Wilkins was convicted in Alameda County Superior Court of seven counts of second degree robbery, seven counts of false imprisonment by violence, and one count of making criminal threats.  Mtn. to Dismiss (Dkt. No. 53 at 1-2).  On December 26, 2012, the superior court sentenced him to 100 years to life in prison.  *Id*. at 2; MPA Re: First Amended Petition (Dkt. No. 45 at 20.1)

Mr. Wilkins, through appointed counsel, filed a direct appeal of his conviction.  On April 28, 2015, the California Court of Appeals affirmed the judgment of conviction.  Mtn. to Dismiss (Dkt. No. 53 at 2).  Wilkins then filed a petition for review, which the California Supreme Court denied.  *Id*. at Ex. B, C.  Both before and after his conviction, Mr. Wilkins filed multiple petitions for writs of habeas corpus in state court.  Mr. Wilkins filed the instant action of federal habeas corpus *pro se* in January 2016, bringing twenty-three claims for relief. Petition (Dkt. No. 1).  In August 2016, Mr. Wilkins, still acting *pro se*, amended the petition.  Amendment to Petition (Dkt. No. 15).  In January 2017, this Court granted Mr. Wilkins' request for counsel and James Vaughns was appointed in February 2017.  Order Granting Request for Counsel (Dkt. No. 34); Order for CJA Appointment (Dkt. No. 36).  In May 2017, Mr. Vaughns filed a new amended petition (the "first amended petition") raising the same twenty-three claims for relief.  First Amended Petition (Dkt. No. 43); MPA to First Amended Petition (Dkt. No. 45).

---

[1] For ease of reference, all page citations refer to the ECF branded number in the upper right corner of the page.

United States District Court
Northern District of California

In May 2018, the Court granted respondent's motion to dismiss the first amended petition for failure to exhaust state remedies, finding the only exhausted claim was the "portion of Claim 12 ... asserting that the improper denial of the *Marsden* motions denied Wilkins his Sixth Amendment right to effective assistance of counsel." Order Granting Mtn. to Dismiss (Dkt. No. 58 at 9). Because the first amended petition was a "mixed" petition containing both exhausted and unexhausted claims, the Court ordered Mr. Wilkins to inform the Court how he wished to proceed by June 8, 2018. *Id.* at 10, 12-13. Instead, Mr. Wilkins, through his first appointed counsel, Mr. Vaughns, filed an initial motion for reconsideration, stating Mr. Wilkins had "brought to counsel's attention that there are a number of state writs that were not addressed by respondent's motion or brought to the Court's attention by his counsel." June Mtn. for Reconsideration (Dkt. No. 61 at 1). The Court construed this as a motion for leave to file a motion for reconsideration, granted the motion for leave, and ordered Mr. Wilkins file his motion for reconsideration. Order Granting Leave to File Mtn. for Reconsideration (Dkt. No. 62).

On August 17, 2018, Mr. Wilkins filed his first motion for reconsideration. First Mtn. for Reconsideration (Dkt. No. 70). In his motion and reply, Mr. Wilkins conceded that of the twenty-three claims in the first amended petition, Claims 10 and 11 were not exhausted and he presented no new state court petitions as to Claims 6, 9, and 13, effectively conceding them as unexhausted in relation to the first motion for reconsideration. *Id.* at 4; Reply Re: First Mtn. for Reconsideration (Dkt. No. 75 at 3). Respondent conceded part of Claim 14 and all of Claims 18 and 21 are exhausted. Oppo. Re: First Mtn. for Reconsideration (Dkt. No. 74 at 11, 18, 22-23). Additionally, this Court found certain claims are "arguably exhaust[ed]" but are nevertheless procedurally defaulted. *Id.* at 6-8.

In February 2019, Mr. Wilkins' appointed counsel, Mr. Vaughns, was replaced at Mr. Wilkins' request. Order Granting Mtn. for Sub. Of Counsel (Dkt. No. 87); Order for CJA Appointment (Dkt. No. 92). On September 2, 2020, Mr. Wilkins' newly appointed counsel, Ethan Balogh, filed a second amended petition citing eleven state court petitions and thirty-five state court docket sheets which prior counsel failed to unearth. Second Amended Petition (Dkt. No. 115); Petitioner Declaration (Dkt. No. 117). On October 20, 2020, Mr. Wilkins filed another

United States District Court
Northern District of California

3

motion for reconsideration, which is now before the Court.   Second Mtn. for Reconsideration (Dkt. No. 120).

Respondent objects to Mr. Wilkins' filing of a second amended petition, arguing Mr. Wilkins failed to obtain leave to do so from the Court.  Oppo Re: Second Mtn. for Reconsideration (Dkt. No. 122 at 8, 14-15, 17).  On November 23, 2020, Mr. Wilkins filed a formal motion for leave to file a second amended petition as well as a reply to the respondent's opposition to the second motion for reconsideration.  Mtn. for Leave to File Second Amended Petition (Dkt. No. 123); Reply Re: Second Mtn. for Reconsideration (Dkt. No. 125).  The motion for reconsideration and motion for leave to file a second amended petition are now fully briefed and at issue.

II.      State Habeas Petitions

Mr. Wilkins filed numerous habeas petitions during the state proceedings, before and after his conviction and sentencing.  Mr. Wilkins' appointed counsel attached state court petitions to the initial motion for reconsideration as well as the current motion for reconsideration.  The state court petitions contained numerous "grounds" for relief – each presenting different allegations and supporting law.   The California Supreme Court denied all of the petitions without narrative explanations.

Mr. Wilkins has now presented to this Court, through multiple motions, filings, and counsels, upwards of fifty state court petitions.   Listed below are only the state court petitions specific to this motion.[2]

**S192938 ("Petition #1")** filed May 5, 2011.  Denied May 11, 2011 (Citing *People v. Duvall*, 9 Cal. 4th 464, 474 (1995); *In re Miller*, 17 Cal. 2d 734, 735 (1941).  Dkt. No. 70-3, Dkt. No. 77, Ex. 3.

**S192859 ("Petition #2")** filed May 5, 2011.  Denied May 18, 2011.  Dkt. Nos. 115 at 4, 117-5.

---

[2] In this Order, the Court numbers the state court petitions according to the order in which they appear in this discussion.  For that reason, the petitions are not presented in chronological order, nor do they correlate to the petition numbers the Court used in its prior orders granting the motion to dismiss and the previous motion for reconsideration.  See Dkt. Nos. 58, 70.  For instance, what the Court referred to in its prior order on the motion for reconsideration as "Petition #3" has now become "Petition #1," although they are the same petition, Case No. S192939.

United States District Court
Northern District of California

**S200168 ("Petition #3")** filed February 14, 2012.  Transferred to the Court of Appeal, First Appellate District, February 23, 2012.  Dkt. Nos. 115 at 5, 117-9.

**S200734 ("Petition #4")** filed March 9, 2012.  Denied February 29, 2013.  Dkt. Nos. 115 at 5, 117-11.

**S190870/A131680 ("Petition #5")** filed February 24, 2011.  Denied March 30, 2011.  Dkt. Nos. 115 at 4, 117-4.

**S200634 ("Petition #6")** filed March 5, 2012.  Denied March 28, 2012.  Dkt. No. 70-4.

**S188689 ("Petition #7")** filed December 6, 2011.  Denied April 27, 2011.  Dkt. No. 117-2.

**S199228 ("Petition #8")** filed January 6, 2012.  Denied February 15, 2012.  Dkt. No. 117-8.

**S232045 ("Petition #9")** filed January 25, 2016.  Denied April 13, 2016.  Dkt. No. 70-8.

**S227880 ("Petition #10")** filed July 17, 2015.  Denied September 23, 2015.  Dkt. N0. 70-11.

**S222195 ("Petition #11")** filed October 27, 2014.  Denied December 10, 2014.  Dkt. No. 70-10.

**S201158 ("Petition #12")** filed March 23, 2012.  Denied May 9, 2012.  Dkt. No. 70-12.

**S226831 ("Petition #13")** filed July 9, 2014.  Denied October 1, 2014 (citing *In re Clark*, 5 Cal. 4th 750, 767-69 (1993); *In re Miller*, 17 Cal. 2d 745, 735 (1941)).  Dkt. No. 117-12.

**S253692 ("Petition #14")** filed January 19, 2019.  Denied May 15, 2019.  Dkt. No. 117-14.

**S252938 ("Petition #15")** filed December 6, 2018.  Denied May 15, 2019.  Dkt. No. 117-13.

**S195594 ("Petition #16")** filed August 10, 2011.  Denied September 21, 2011.  Dkt. No. 117-6.

## LEGAL STANDARDS

I.      Exhaustion of State Court Remedies

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State[.]"  28 U.S.C. § 2254(b)(1)(A).  The petitioner must present the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court.  *Id*. § 2254(c).  The exhaustion requirement is grounded in principles of comity, giving states the first opportunity to correct alleged violations of a prisoner's federal rights.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A petitioner can satisfy the exhaustion requirement by either: (1) fairly and fully presenting the federal claim to the state's highest court; or (2) showing no state remedy remains available.

*Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996); *see also Picard v. Connor*, 404 U.S. 270, 276-77 (1971).  A petitioner fully and fairly presents a claim if he presents the claim: (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim.  *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009); *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).  "Full and fair presentation [] requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."  *Scott*, 567 F.3d at 582 (citing *Picard*, 404 U.S. at 278); *see also Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (*en banc*) (holding a federal claim can be fairly presented by citation to state cases analyzing the federal issue).  Although a habeas petitioner need not "present to the state courts every piece of evidence supporting his federal claims, [he does need to] provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'"  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

In considering whether state court remedies have been exhausted, "counseled petitions in state court may, and sometimes should, be read differently from *pro se* petitions."  *Peterson*, 319 F.3d at 1159.  *Pro se* filings are to be liberally construed.  *See, e.g., Kyzar v. Ryan*, 780 F.3d 940, 948 (9th Cir. 2015) (insufficient-evidence claim was exhausted because the *pro se* petition to State's highest court argued the State had failed to prove the elements of the alleged crime, even though the petition did not mention the leading Supreme Court cases on sufficiency of the evidence); *Sanders v. Ryder*, 342 F.3d 991, 999-1000 (9th Cir. 2003) (ineffective assistance of counsel claim exhausted where state *pro se* petition to State's highest court used the phrase "ineffective assistance of counsel" three times, even though he did not cite to the Sixth Amendment or *Strickland v. Washington*, 466 U.S. 668 (1984)).

The petitioner bears the burden to prove state judicial remedies were properly exhausted.  *See generally Darr v. Burford*, 339 U.S. 200, 218-19 (1950) ("petitioner has the burden . . . of showing that other available remedies have been exhausted"), overruled on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (affirming

1    summary judgment for respondent because, although petitioner alleged he had exhausted, "there is

2    nothing in the record" to show it).

3

4    II.    Procedural Default Doctrine

5         "Exhaustion and procedural bar are closely related, but distinct, doctrines."  *Cooper v.*

6    *Neven*, 641 F.3d 322, 327 (9th Cir. 2011) (finding the issue of exhaustion mooted by the district

7    court's determination that the petition was procedurally defaulted) (citation omitted).  "[A] federal

8    court may not hear a habeas claim if it runs afoul of the procedural bar doctrine."  *Id.*  "The

9    doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal

10   claims because the prisoner had failed to meet a state procedural requirement."  *Coleman*, 501

11   U.S. at 729-30.

12        "[F]ederal habeas relief will be unavailable when (1) a state court [has] declined to address

13   a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,

14   and (2) the state judgment rests on independent and adequate state procedural grounds."  *Walker v.*

15   *Martin*, 562 U.S. 307, 316 (2011) (citing *Coleman*, 501 U.S. at 729-30) (internal quotation marks

16   omitted).  "To qualify as an 'adequate' procedural ground, a state rule must be firmly established

17   and regularly followed."  *Id.*  (citation and internal quotation marks omitted).  In cases in which a

18   state prisoner has defaulted his federal claims in state court pursuant to an independent and

19   adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner

20   can demonstrate cause for the default and actual prejudice as a result of the alleged violation of

21   federal law, or demonstrate failure to consider the claims will result in a fundamental miscarriage

22   of justice.  *Ching Lee v. Harris*, 226 F. Supp. 3d 992, 995 (N.D. Cal. 2016) (citing *Coleman*, 501

23   U.S. at 750).  Because procedural default is an affirmative defense, the state bears the burden of

24   proving the default.  *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003).

25

26                                      **DISCUSSION**

27        Mr. Wilkins seeks reconsideration of the Court's previous order granting in part and

28   denying in part petitioner's motion for reconsideration of the grant of respondent's previous

United States District Court
Northern District of California

United States District Court
Northern District of California

motion to dismiss.  Mr. Wilkins argues he exhausted many of his claims, evidenced by the additional state petitions he now attaches.  Respondent opposes, arguing nearly all of the claims should not be considered because they constitute unauthorized new claims raised too far into the process of the litigation.

As before, the Court now compares the second amended petition with the petitions Mr. Wilkins filed in the California Supreme Court to determine whether the claims in the second amended petition were included in any of the state court petitions.  The Court reviews the state court petitions to determine whether Claims 2, 8-9, and 22-23 are exhausted and/or procedurally defaulted.  In evaluating whether Mr. Wilkins exhausted his claims, the Court liberally construes his state court *pro se* petitions.

I.      Federal Claim 2 – State Petition #2

In Claim 2, Mr. Wilkins asserts his Sixth and Fourteenth Amendment rights to a speedy trial were violated because his pre-trial detention lasted five years and seven months.  Second Amended Petition (Dkt. No. 115 at 10).  Mr. Wilkins' current motion for reconsideration puts forward a newly unearthed state court petition, Petition #2.[3]  Petitioner Declaration (Dkt. No. 117 at Ex. 5); Second Mtn. for Reconsideration (Dkt. No. 120 at 10).

Respondent, in his reply, argues Petition #2 is deficient because Mr. Wilkins failed to invoke original habeas jurisdiction by failing to attach the relevant California Court of Appeals decision to his California Supreme Court petition for review.  Reply Re: Second Mtn. for Reconsideration (Dkt. No. 125 at 7). Respondent also argues that even if Petition #2 were considered, it would only exhaust the speedy trial right claim up to the point when it was filed in state court – 49 months of pretrial delay.  The Court agrees with respondent's first point:

---

[3] On the previous motion for reconsideration, Mr. Wilkins relied on Petition #1 to support his argument that Claim 2 was exhausted. The Court found that Petition #1 was insufficient to exhaust or procedurally bar Claim 2 because the petition was denied for lack of particularity, a "curable defect."  Petitioner argues that Petition #2 cures this defect, because it was denied in state court without any reference to lack of particularity. It is true that Petition #2 presents the same facts and arguments as Petition #1, but includes attached exhibits thereby curing the particularity defect. Nevertheless, the Court ultimately finds that Claim 2 remains unexhausted for different reasons, discussed below.

presenting a claim for the first and only time in a petition for review in the California Supreme Court, without first presenting the claim to the California Court of Appeals, does not exhaust the claim.  Therefore, the Court finds Claim 2 is not exhausted and thus may not be considered by this Court.

II.     Federal Claim 8 – State Petition #6

In Claim 8, Mr. Wilkins asserts his Fourteenth Amendment due process rights were violated when he was denied medications necessary to maintain his competence to stand trial. Second Amended Complaint (Dkt. No. 115 at 12).  In the first amended complaint, Claim 8 alleged violations of Mr. Wilkins' equal protection, due process, and Eighth Amendment rights. First Amended Complaint (Dkt. No. 43 at 5).  Claim 8 was deemed unexhausted by the Court on the previous motion for reconsideration because Petition #6 failed to raise any equal protection or Eighth Amendment claims.  Order Re: Mtn. for Reconsideration (Dkt. No. 79 at 13-14).

Mr. Wilkins' second amended petition corrects the error of previous counsel and now premises Claim 8 solely on a Fourteenth Amendment due process violation.  Second Mtn. for Reconsideration (Dkt. No. 120 at 11).  Respondent argues Mr. Wilkins' original petition did not include claims based on the Fourteenth Amendment and Claim 8 should not be considered because it constitutes an entirely new claim.  Oppo. Re: Second Mtn. for Reconsideration (Dkt. No. 122 at 8).  Paradoxically, respondent also argues the claim presents essentially no new material, and thus has already been considered by the Court on the pervious motion for reconsideration rendering the current consideration improper.  *Id*. at 9.  The Court disagrees with both of these arguments.

Mr. Wilkins is permitted to file a second amended petition after the appointment of new counsel.  Mr. Wilkins has alleged Fourteenth Amendment due process violations as a basis for Claim 8 from his very first petition.  Petition (Dkt. No. 1).  The only difference between previous petitions and the current second amended petition regarding Claim 8 is the current petition does not allege an Eighth Amendment or equal protection violation.  Omitting the Eighth Amendment violation and equal protection violation, which have already been deemed unexhausted multiple

times, is an appropriate amendment which renders Claim 8 viable. The second amended petition omits an unexhausted, and thus unreviewable, basis for relief and serves the values of both fairness and efficiency. Respondent concedes Mr. Wilkins exhausted Claim 8 based on Petition #6 and adequately alleges a Fourteenth Amendment violation.[4]  Oppo Re: Second Mtn. for Reconsideration (Dkt. No. 122 at 9). The Court agrees; therefore, Claim 8 may be heard before this Court.

III.    Federal Claim 9 – State Petition #7

In Claim 9, Mr. Wilkins asserts a violation of his due process rights under the Fourteenth Amendment for his exclusion from a May 2009 *in camera* hearing where his court appointed counsel was relieved of representing Mr. Wilkins. Second Amended Petition (Dkt. No. 115 at 12). The Court upheld dismissal of Claim 9 on the previous motion for reconsideration because Mr. Wilkins failed to present any newly unearthed state court petitions addressing the claim. Order Re: Mtn. for Reconsideration (Dkt. No. 79 at 7). The Court construed this as a concession the claim was, in fact, unexhausted. *Id.*

At this juncture, Mr. Wilkins presents a newly obtained state court petition, Petition #7. Petitioner Declaration (Dkt. No. 117 at Ex. 2). Mr. Wilkins alleges Petition #7 states the operative facts and legal basis for Claim 9 and therefore exhausts the claim.  Second Mtn. for Reconsideration (Dkt. No. 120 at 14-15). Respondent argues Petition #7 does not allege actual absence of Mr. Wilkins at the hearing in question, and also does not assert the right of Mr. Wilkins to be present at such a hearing. Oppo Re: Second Mtn. for Reconsideration (Dkt. No. 122 at 4). Respondent argues Petition #7 alleges a claim of wrongful discharge of counsel, not a claim of wrongful exclusion. *Id.*  In response to this opposition, Mr. Wilkins seeks to remedy any deficiencies of Petition #7 by alleging ineffective assistance of counsel. Reply Re: Second Mtn.

---

[4] Respondent argues that because Petition #6 was filed and denied in state court prior to Mr. Wilkins' criminal trial, the relief that could be associated with reviewing Petition #6 is restricted to only facts occurring before the California Supreme Court affirmed Mr. Wilkins' conviction. *See* Oppo Re: Second Mtn. for Reconsideration (Dkt. No. 122 at 9). The Court finds this argument unpersuasive and thus declines to place a restriction of the scope of exhaustion of Claim 8.

United States District Court
Northern District of California

for Reconsideration (Dkt. No. 125 at 11).  The Court agrees with respondent; Petition #7 fails to allege sufficient facts to exhaust Claim 9.  As such, Claim 9 is unexhausted and may not be heard by this Court.

IV.    Federal Claim 22 – State Petitions #10-16

In Claim 22, Mr. Wilkins alleges a violation of his right to counsel under the Sixth Amendment, as well as a violation of his due process and equal protection rights under the Fourteenth Amendment, based on ineffective assistance of counsel and irreconcilable difference with trial counsel.  Second Amended Petition (Dkt. No. 115 at 13-14); Order Re: Mtn. for Reconsideration (Dkt. No. 79 at 20).  On the previous motion for reconsideration, the Court found the portion of the claim premised on the Fourteenth Amendment Due Process Clause was exhausted, but not the portion premised on the Sixth Amendment right to effective assistance of counsel.  Order Re: Mtn. for Reconsideration (Dkt. No. 79 at 22).  The Sixth Amendment claim now breaks into two sub-portions; (1) trial counsel ineffective assistance of counsel, and (2) irreconcilable conflict with trial counsel.  Second Mtn. for Reconsideration (Dkt. No. 120 at 15). In the order on the first motion for reconsideration, this Court explained why Petitions #10, #11, and #12 failed to exhaust various portions of the claim.  Order Re: Mtn for Reconsideration (Dkt. No. 79 at 20-22).

In his current motion for reconsideration, Mr. Wilkins presents a newly obtained full copy of Petition #13 which he asserts exhausts Claim 22, and presents newly obtained Petitions #14, #15, and #16 which he asserts also exhaust Claim 22.  Second Mtn. for Reconsideration (Dkt. No. 120 at 15-17).

This Court previously reviewed Petition #13 in relation to Claim 12. Now, Mr. Wilkins once again presents Petition #13, but this time attaches the state appellate court opinion. Respondent objects to Petition #13, arguing the addition of the appellate opinion is an insufficient difference to warrant reconsideration.  Oppo Re: Second Mtn. for Reconsideration (Dkt. No. 122 at 10).  While respondent's argument is factually accurate, the reasoning is flawed.  This Court previously considered Petition #13 in relation to Claim 12 on respondent's motion to dismiss, not

United States District Court
Northern District of California

explicitly in relation to Claim 22.  Order Granting Mtn. to Dismiss (Dkt. No. 58 at 6).  Therefore, the Court has not yet had the opportunity to analyze whether Petition #13, with the addition of the state appellate court opinion, exhausts Claim 22.  Such consideration is appropriate here.  In fact, Petition #13 does exhaust Mr. Wilkins' Sixth Amendment claim for ineffective assistance of trial counsel.

Next, respondent argues Petition #14 should not be considered because it was filed and denied in state court after the first order on motion for reconsideration was issued in this Court. Order Re: Mtn. for Reconsideration (Dkt. No. 79); Oppo. Re: Second Mtn. for Reconsideration (Dkt. No. 122 at 11).  Respondent also argues Petition #15 should not be considered because it appears differently in the second amended petition than it does in the first amended petition. Oppo. Re: Second Mtn. for Reconsideration (Dkt. 122 at 14-15).

The Court agrees with respondent that Petition #14 should not be considered because it was filed in state court after the first motion for reconsideration was filed with this Court.[5]  The Court disagrees that Petition #15 should not be considered, and agrees with respondent's concession that Petition #15 further exhausts Mr. Wilkins' claim of ineffective assistance of trial counsel.  *Id.* at 15.

Respondent further concedes Petition #16 would arguably exhaust the subclaim of irreconcilable difference with trial counsel.  *Id.*  The Court agrees Petition #16 exhausts this portion of the claim.  Therefore, Claim 22 is exhausted in full by the sum of Petitions #13, #15, and #16, and as such the claim may be heard before this Court.

V.      Federal Claim 23 – State Petitions #14 and #15

In Claim 23, Mr. Wilkins argues his Sixth and Fourteenth amendment rights to counsel were violated based on the ineffective assistance of his appellate counsel.  Second Amended

---

[5] In the order on Mr. Wilkins' motion for reconsideration, the Court gave Mr. Wilkins the option to stay these court proceedings while he endeavored to exhaust all of his claims in state court. Order Re: Mtn. for Reconsideration (Dkt. No. 79).  As Mr. Wilkins declined to make use of this option, the court will consider only state court petitions filed prior to the filing of the first motion for reconsideration.

Petition (Dkt. No. 115 at 14).  Mr. Wilkins previously argued that Petitions #10, #11, and #13 exhausted this claim.  Nonetheless, this claim was deemed unexhausted because: (a) Petition #10 improperly incorporated appellate opinions by reference and lacked detail; (b) because Petition #11 did not sufficiently alert the court to a federal constitutional claim and has insufficient overlap of facts with Claim 23; and  (c) because the facts of Petition #13 do not overlap with the claim.  Order Re: Motion for Reconsideration (Dkt. No. 79 at 22-23).

In this motion for reconsideration, Mr. Wilkins presents newly obtained Petitions #14 and #15 which he asserts exhaust Claim 23.  For reasons stated above, this Court will not consider Petition #14.

Respondent contends Petition #15 is inappropriate for consideration because the claim of ineffective assistance of appellate counsel "could have been raised before."  Oppo Re: Second Mtn. for Reconsideration (Dkt. No. 122 at 25).  However, respondent conceded that, if considered, Petition #15 would exhaust the claim.  The Court will consider Petition #15 and agrees with respondent's concession.  Therefore, Claim 23 is exhausted and may be heard by this Court.

VI.    Unexhausted Claims

a.  Existence of State Court Remedies

Mr. Wilkins argues the balance of claims deemed unexhausted by this court should be allowed to move forward under a finding of a preemptive state procedural bar.  Second Mtn. for Reconsideration (Dkt. No. 120 at 21).  The crux of Mr. Wilkins' argument is that the claims which have been deemed unexhausted here, if now brought in state court, would likely be procedurally barred for timeliness under *In re Dixon*, 41 Cal. 2d 756 (1953).  *Id*. at 22.

Respondent argues Mr. Wilkins' assertion that his claims would certainly be barred for timeliness are speculative.  Oppo Re: Second Mtn. for Reconsideration (Dkt. No. 122 at 25).  The Court agrees with respondent.  The application of a *Dixon* bar by the state courts is not a certainty.  Mr. Wilkins may present his unexhausted claims in state court and make arguments as to why the *Dixon* bar should not be applied.  *See In re Reno* 55 Cal. 4th at 458-59; *In re Robbins*, 18 Cal. 4th at 780; *In re Clark*, 5 Cal. 4th at 775.  Additionally, the fact Mr. Wilkins has continued to raise

claims in state court as recently as 2019 without a single application of a timeliness bar, suggests such a bar may not be applied.  Further, the options presented to Mr. Wilkins in the following section provide methods through which to exhaust his remaining claims.

### b.  Mr. Wilkins Must Choose How to Proceed with Remaining Claims

As in the previous order on motion for reconsideration, the Court again presents to Mr. Wilkins the necessity of choosing how to proceed with his unexhausted claims.  Order Re: Mtn. for Reconsideration (Dkt. No. 79 at 23).

Mr. Wilkins' second amended petition for writ of habeas corpus contains both exhausted and unexhausted claims, and therefore is a "mixed" petition.  *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  The Court cannot adjudicate the merits of a habeas petition where any claim has not exhausted its state court remedies.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982); cf. 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).  Here, Claims 1-2, 4-7, 9-11, 13, 15-17, and 19-20 are unexhausted, as well as a portion of Claims 12 and 14, so the Court may not consider the petition on its merits.  Further, Claim 3 and a portion of Claim 12 are procedurally barred and therefore dismissed.

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the unexhausted portions of the Second Amended Petition—potentially causing time-bar of any later-filed petition—without giving Mr. Wilkins the opportunity to choose whether to proceed with the exhausted claims.  Accordingly, the Court will allow Mr. Wilkins to choose one of the following options:

(1) dismiss the second amended petition's unexhausted claims, and go forward in this action with only Claims 8, 18, 21-23, and portions of Claims 12 and 14; or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all claims; or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

United States District Court
Northern District of California

United States District Court
Northern District of California

In its prior order on motion to dismiss, the Court cautioned Mr. Wilkins of the risks associated with these options and incorporates those same words of caution here.  *See* Order Granting Mtn. to Dismiss (Dkt. No. 58 at 10-11).  Mr. Wilkins has until **March 31, 2021**, to notify the Court of his choice.

## CONCLUSION

For sake of clarity, the Court will now review the status of each of the twenty-three claims brought by Mr. Wilkins in this action.

**Claim 1:** Not procedurally barred, and unexhausted.  Order Re: Mtn. for Reconsideration (Dkt. No. 79 at 8).

**Claim 2:** Not Exhausted.

**Claim 3:** Procedurally barred.  *Id*. at 10.

**Claim 4:** Not exhausted.  *Id*. at 13.

**Claim 5:** Not exhausted.  *Id*.

**Claim 6:** Not exhausted.  *Id*. at 7.

**Claim 7:** Not exhausted.  *Id*. at 13.

**Claim 8:** Exhausted.

**Claim 9:** Not exhausted.

**Claim 10:** Not exhausted.  *Id*. at 3.

**Claim 11:** Not exhausted.  *Id*.

**Claim 12:** Partially exhausted.  *Id*. at 15.

**Claim 13:** Not exhausted.  *Id*. at 3.

**Claim 14:** Partially exhausted.  *Id*. at 16.

**Claim 15:** Not exhausted.  *Id*. at 16-17.

**Claim 16:** Not exhausted.  *Id*. at 17.

**Claim 18:** Exhausted.  *Id*. at 3.

**Claim 19:** Not exhausted.  *Id*. at 19.

**Claim 20:** Not exhausted.  *Id*. at 20.

1    **Claim 21:** Exhausted.  *Id*. at 3.

2    **Claim 22:** Exhausted.

3    **Claim 23:** Exhausted.

4    Petitioner's motion for leave to file a second amended petition is GRANTED.  Petitioner's

5 motion for reconsideration is hereby GRANTED IN PART AND DENIED IN PART.  Claims 2

6 and 9 are found to be unexhausted.  Claims 8, 22 and 23 are found to be exhausted.

7    Mr. Wilkins must file no later than **March 31, 2021**, a notice in which he states whether he

8 chooses to

9  (1) dismiss the unexhausted claims and go forward in this action with only Claims 8, 18, 21-

10 23, and portions of Claims 12 and 14, or

11  (2) dismiss this action and return to state court to exhaust all of his claims before returning to

12 federal court to present all of his claims in a new petition, or

13  (3) move for a stay of these proceedings while he exhausts his state court remedies for the

14 unexhausted claims.

15    If he chooses option (1) or option (2), his filing need not be a long document; a one-page

16 document entitled "Notice of Choice By Petitioner" and states simply: "Petitioner chooses to

17 proceed under option ___ provided in the order granting in part and denying in part petitioner's

18 motion for reconsideration," is sufficient.  Wilkins would have to insert a number in place of the

19 blank space to indicate which of the first two options he chooses.

20    If he chooses option (3), no later than **March 31, 2021** Mr. Wilkins must file a motion for

21 a stay in which he explains why he failed to exhaust his unexhausted claims in state court before

22 presenting them to this Court, that his claims are not meritless, and that he is not intentionally

23 delaying resolution of his constitutional claims.  If he wants to file a motion under *King/Kelly*  to

24 amend his second amended petition (to delete the unexhausted claims) and to stay this action

25 while he exhausts state court remedies for the unexhausted claims, he may do so no later than

26 **March 31, 2021.**

27

28

1        If Mr. Wilkins does not choose one of the three options or file a motion by March 31,

2   2021, the court will dismiss the unexhausted claims and adjudicate the remaining claims.

3

4        IT IS SO ORDERED.

5   Dated:  February 10, 2021

6

7   _____

8   SUSAN ILLSTON
    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California