UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFF MACOMBER,<br><br>  Defendant. | Case No. 16-cv-00221-SI<br><br>**ORDER RE: MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 132 |

On February 10, 2021, the Court granted Petitioner's motion for leave to file a second amended petition and granted in part and denied in part Petitioner's motion for reconsideration. Order Re: Second Mtn. for Reconsideration (Dkt. No. 130). As a result, the Court gave Petitioner three options for how to proceed:

(1) to dismiss the unexhausted claims and go forward in this action with only Claims 8, 18, 21-23 and partially on Claims 12 and 14,

(2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or

(3) move for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. *Id*. at 16:9-14.

Petitioner has elected choice (3). In doing so, however, and acknowledging the particularly convoluted record in this matter, Petitioner points out the Court improperly found Claims 2 and Claims 7 were not exhausted. Mtn. for Leave to File Mtn. for Reconsideration (Dkt. No. 132). The Court previously found Claim 2 was not exhausted because Petitioner had not raised this claim in the California Court of Appeal. Order Re: Second Mtn. for Reconsideration (Dkt. No. 130 at 8:23-

9:4[1]). Petitioner has drawn the Court's attention to Court of Appeals decision No. A131680 and the petition for review filed in California Supreme Court No. S192859. Ground 1 of No. A131680 (Dkt. No. 126-1 at 4); Ground 1 of No. S192859 (Dkt. No. 117-5 at 4). Petitioner raised his speedy trial rights claim to the California Court of Appeals and this claim was received and considered by the California Supreme Court. Mtn. for Leave to File Mtn. for Reconsideration (Dkt. No. 132 at 2:10-3:9); Proof Re: A131680 presented to Cal. Ct. of App. (Dkt. No. 117-5 at 30); Proof Re: Cal. Sup. Ct. consideration of A131680 in petition for review No. S192859 (Dkt. No. 117-26). Thus, Claim 2 has been exhausted.

Petitioner also noted the Court found the due process portion of Claim 22 exhausted on Petitioner's previous motion for reconsideration which has bearing on Claim 7. Order Re: Mtn for Reconsideration (Dkt. No. 79 at 21:21-22:5). Because Claim 22 and Claim 7 involve the same complex facts, Petitioner moved the due process portion of Claim 22 to Claim 7 in Petitioner's second amended petition. Second Amended Petition (Dkt. No. 115 at 11:15-12:2); MPA Re: Second Amended Petition (Dkt. No. 115-1 at 7:21-24). Therefore, Claim 7 has been partially exhausted.

Because the Court agrees Claim 2 has been exhausted and Claim 7 has been partially exhausted, Petitioner will now proceed on Claims 2, 8, 18, 21-23, and partially on Claims 7, 12, and 14.

Respondent must file a response to the second amended petition by May 7, 2021. Further, both parties must file a stipulation with a briefing schedule by April 23, 2021.

**IT IS SO ORDERED**.

Dated: April 14, 2021

_____
SUSAN ILLSTON
United States District Judge

---

[1] For ease of reference, all page citations refer to the ECT branded number in the upper right corner of the page.