UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER,<br><br>　　　　Defendant. | Case No. 16-cv-00221-SI<br><br>**ORDER ON MOTIONS TO SEAL**<br>Re: Dkt. Nos. 142, 143, 144, 156, 157 |

Before the Court are various motions to seal filed by the parties in the above-captioned case, pursuant to Civil Local Rules 7-11 and 79-5. Dkt. Nos. 142 (Respondent's Motion to File Exhibits Under Seal), 155 (Petitioner's Motion to File Exhibits Under Seal), 157 (Petitioner's Motion to File an Exhibit Under Seal). Respondent also filed a motion to strike the First Amended Memorandum in Support of Answer (which was initially filed before the motion to seal), Dkt. No. 143, and a motion to file a First Amended Memorandum in Support of Answer partially under seal. Dkt. No. 144. After reviewing the sealing motions and declarations submitted by the parties, the Court finds it appropriate to **GRANT** petitioner's motions at Dkt. Nos. 155, 157 and **DENY** respondent's motion at Dkt. No. 142. The remaining motions at Dkt. Nos. 143, 144 are **MOOT**.

### LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); s*ee also Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1134

1    (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court

2    records."). Access to documents that are "more than tangentially related to the merits of a case"

3    may be sealed only if the requesting party presents "compelling reasons" for sealing that outweigh

4    the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v.*

5    *Chrysler Grp., LLC,* 809 F.3d 1092, 1097, 1101-02 (9th Cir. 2016).

**DISCUSSION**

8    Petitioner's motions present compelling reasons to seal Pet. Exhibits S, T, U, V, W, X, Y,

9    and Z, as those exhibits contain medical records or reports deemed confidential under state law. *See*

10   Cal. W & I Code § 5328; Cal. Civ. Code §§ 56-56.16. Petitioner also presents a compelling reason

11   to seal Pet. Ex. AA, which is a transcript setting forth a settlement in a lawsuit between petitioner

12   and various Alameda County actors. Although the settlement was "not confidential," the agreement

13   restricts Mr. Wilkins from "public[izing]" anything other than "the fact of settlement." Sealing is

14   thus appropriate. *See Huang v. Behpour*, No. 11–cv–00456–SOM, 2012 WL 3201952, at *1

15   (D.Haw. Aug. 2, 2012) (sealing settlement communication and "recognizing a compelling need to

16   protect settlement offers"). Petitioner's motions at Dkt. Nos. 155, 157 are **GRANTED**.

17   Respondent's motion does not meet the "compelling reasons" standard. The Exhibits

18   identified in respondent's motion pertain to petitioner's various *Marsden* motions and hearings:

19   Exhibits Q vol. 1, T, U, W, HH, JJ, LL, MM, NN, and SS. Respondent initially filed the exhibits in

20   this Court's public docket; the motion was filed upon petitioner's request. Dkt. No. 142-1 ¶ 2.

21   Under California law, the reporter's transcripts of *Marsden* hearings must be kept

22   confidential. However, when a defendant challenges the denial of a *Marsden* motion in a direct

23   appeal (as petitioner did here), California law allows the People to obtain copies of the reporter's

24   transcripts. Cal. R. Ct. 8.47(b)(2). In the motion to seal, respondent indicates that former counsel

25   for the state of California requested to receive unsealed *Marsden* transcripts during the direct appeal.

26   Dkt. No. 142-1 ¶ 4. Respondent continues: "Though I do not see a formal order granting

27   Respondent's motion to unseal the transcripts in our system or the court of appeal's online docket,

28   I assumed that the motion was granted, as no opposition was filed and the rules of court do not

United States District Court
Northern District of California

necessarily reflect that an order granting such a request will issue. *See* Cal. R. Ct. 8.47(b)(2)(B)-(D)." *Id*. Because the procedural history of the case indicates prior public access to Exhibits Q vol. 1, T, U, W, HH, JJ, LL, MM, NN, and SS on account of petitioner's direct appeal, the Court is not satisfied that petitioner's privacy interests outweigh the general history of access and the public policies favoring disclosure. Respondent's motion at Dkt. No. 142 is **DENIED**.

Because the court denies respondent's motion to seal, the motions at Dkt. Nos. 143, 144 to strike and file a revised First Amended Memorandum in Support of Answer are **MOOT**.

**IT IS SO ORDERED**.

Dated: March 29, 2022

SUSAN ILLSTON
United States District Judge