UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS,<br><br>    Petitioner,<br><br>    v.<br><br>JEFF MACOMBER,<br><br>    Respondent. | Case No. 16-cv-00221-SI<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Keenan Wilkins, a/k/a/ Nerrah Brown, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254(d) that is back before this Court following a remand from the Ninth Circuit. Dkt. No. 115.

**DISCUSSION**

On March 29, 2022, this Court issued an order denying the second amended petition for writ of habeas corpus. Dkt. No. 159. On June 24, 2022, the Court denied petitioner's motion to alter or amend its order and granted a certificate of appealability as to, *inter alia*, the proper scope of exhaustion for Claim 23, petitioner's claim for ineffective assistance of appellate counsel ("IAAC"). Dkt. No. 165. Petitioner appealed to the Ninth Circuit Court of Appeals.

On September 4, 2024, the Ninth Circuit issued a memorandum affirming in part and remanding in part. Dkt. No. 173. The Ninth Circuit affirmed the denial of the petition with the exception of the IAAC claim. The Ninth Circuit concluded that petitioner had exhausted the entirety of his IAAC claim. The appeals court directed: "Because the district court addressed only a portion of that claim, we remand for the district court to address Wilkins's full IAAC on the merits." *Id.* at 7. The Ninth Circuit's mandate issued September 26, 2024. Dkt. No. 174.

The Clerk has reopened this district court case, and the Court has appointed new counsel for petitioner. Dkt. No. 175. The Second Amended Petition remains the operative petition. *See* Dkt. No. 115.

In light of the Ninth Circuit's mandate, the IAAC claim warrants an answer from respondent. The Court recognizes that this claim was briefed prior to the appeal but will afford the parties an opportunity to submit new briefing on the IAAC claim (Claim 23) in light of the passage of time and appointment of new counsel. The new briefing shall not refer to previously filed documents; instead, counsel are to re-attach all of the evidence upon which they rely in their briefs so that the Court need not comb through the lengthy record in this case to find the supporting documents.

**CONCLUSION**

For the foregoing reasons,

1. The Second Amended Petition, Claim 23 (IAAC), states a cognizable claim for habeas relief and warrants a response.

2. Respondent must file and serve upon petitioner, **on or before December 3, 2024**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition. Respondent's memorandum of points and authorities shall not exceed 30 pages.

3. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent **on or before February 3, 2025**. Petitioner's memorandum of points and authorities shall not exceed 25 pages.

**IT IS SO ORDERED**.

Dated: October 7, 2024

_____
SUSAN ILLSTON
United States District Judge

2